# FIFTH DISTRICT, 1895.

---

JAMES INGRAM v. J. G. PHILLIPS.

No. 560.

**Exempt Property—Foreclosure Not Res Judicata, When.**—The foreclosure of an attachment which has been levied on exempt personal property of the defendant, followed by its sale, where no plea raising the question of its exempt character was presented in that suit, will not bar an action by such owner against plaintiff and the officer who made the levy to recover the value of the property.

ERROR from Limestone. Tried below before Hon. RUFUS HARDY.

*T. J. Gibson,* for plaintiff in error.—The court erred in holding as matter of law that one of the issues involved in the suit brought in the Justice Court was as to whether the property seized under the writ of attachment issued in that cause was subject to attachment, and in further holding, that the judgment of said Justice Court foreclosing the attachment lien on the property found by the court to be exempt from forced sale, was conclusive of the rights of plaintiff in error, and that he could not in this suit assert that the property was exempt and recover its value for wrongful seizure. 2 Willson's C. C., secs. 460, 461; Alexander v. Holt, 59 Texas, 205; Willis v. Mathews, 46 Texas, 483; Taddeck v. Echols, 20 Texas, 792; Seeligson v. Collins, 64 Texas, 315; Beal v. Blum, 60 Texas, 60; Freem. on Judg., secs. 257, 272.

No brief for defendant in error reached the Reporter.

RAINEY, ASSOCIATE JUSTICE.—There is no statement of facts in the record. The findings of fact by the court are not attacked, and the same are adopted as the conclusions of fact of this court.

Phillips sued Ingram for debt in the Justice Court, and caused an attachment to issue and be levied on personal property of the latter, plaintiff in error, which property was exempt from forced sale.

Judgment was obtained for the debt, with foreclosure of attachment lien on said property, and the same sold by order of the court. Plaintiff in error did not appear to defend the suit, and judgment was taken against him by default. He brought this suit in the District Court against defendant in error, the constable who made the levy, and the sureties on his official bond, to recover the value of the property. The court below correctly found that the property was exempt from seizure. Wheatley v. Griffin, 60 Texas, 209; Phillips v. Warner, 16 S. W. Rep., 423; Waples on Homestead and Exemption, 113, et seq., note, and authorities there cited.

But the court found, as a conclusion of law, that the judgment of the Justice Court was res adjudicata, and that plaintiff in error was therefore not entitled to recover. Of this conclusion of law plaintiff in error complains, and this presents the only question for our determination.

Our Revised Statutes, article 2335, provide that "The following property shall be reserved to every family, exempt from attachment or execution, and every other species of forced sale for the payment of debts, except as hereinafter provided." No exception is involved herein. Then follows an enumeration of the homestead of the family and of such personal property as is exempt, which it is unnecessary to here name.

It has been adjudicated in several instances in this State, that a judgment foreclosing an attachment lien upon a homestead exemption, where there was no plea raising the question of the homestead in the attachment suit, was no bar to the claim of homestead in another action. Seligson v. Collins, 64 Texas, 315; Beard v. Blum, 64 Texas, 63; Willis v. Matthews, 46 Texas, 479.

We have been unable to find any case where our Supreme Court has passed upon the question where personal property has been attached, though in most of the States a contrary view has been held to that of our court as to the homestead.

We are of the opinion, however, that the exemption of the homestead and personal property are placed upon the same plane by our statute, and that the same rule will govern as to seizure in the absence of contract relating thereto. If we are correct in this view, then the doctrine announced in the cases cited above applies with equal force to this case, and the judgment of the court below is erroneous.

This cause was tried by the court without the intervention of a jury. There is no statement of facts in the record. The conclusions of fact, about which there is no controversy, show the damages of plaintiff in error to be the value of his interest in the property seized, which is stated to be $157.48.

The judgment of the court below is reversed, and judgment is here rendered for plaintiff in error for $157.48, with 6 per cent interest thereon from September 10, 1891, the date when said property was

seized by virtue of the writ of attachment; and also for the costs of both the court below and of this court.

*Reversed and rendered.*

Delivered February 6, 1895.