CLARK v. TULLEY et ux. (No. 5930.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 16, 1918. Rehearing Denied Feb. 13, 1918.)

1. VENDOR AND PURCHASER ⊜170—RIGHT TO PAY PURCHASE-MONEY NOTE.

At the time of trial of their suit to recover possession of their homestead, and to cancel a quitclaim deed executed by the husband alone and delivered to defendant, husband and wife had the right to pay defendant the amount of the husband's outstanding note for a portion of the purchase money given to the husband's vendor, the husband never having made default in the payment of the note, and defendant, after receiving his quitclaim deed, and as part consideration, having paid to the husband's vendor the amount of the note, which was canceled.

2. HOMESTEAD ⊜118(5) — CONVEYANCE BY HUSBAND ALONE—STATUTES AND CONSTITUTION.

No title to the homestead of husband and wife passed by quitclaim deed executed by the husband alone, in violation of Vernon's Sayles' Ann. Civ .St. 1914, arts. 1115, 4621, 6802, 6803, and Const. art. 16, § 50.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by William M. Tulley and wife against W. J. Clark. From a judgment for plaintiffs, defendant appeals. Judgment affirmed.

T. O. Woldert, of Corpus Christi, for appellant. E. B. Ward; of Corpus ·Christi, for appellees.

SWEARINGEN, J. Wm. M. Tulley and his wife, Rosa Tulley, brought this suit against W. J. Clark, appellant, to recover possession of their homestead and to cancel a quitclaim deed executed by the husband alone and delivered to appellant. The court in a·general charge submitted to the jury the

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

issue of the value of the use of the property, and instructed a verdict upon the other material issues in favor of appellees.

It appears from the pleadings and undisputed evidence that appellees were husband and wife and owned, by virtue of an executory contract of sale, the equitable title to a lot in the city of Corpus Christi, Tex., upon which they had built a house, which was dedicated and then occupied by them as their homestead. The husband, Wm. M. Tulley, alone executed and delivered to appellant a quitclaim deed to this homestead. The wife did not sign or join in the quitclaim deed. Possession of the homestead was given to appellant shortly after the quitclaim deed was executed by the husband. There was an outstanding note given for a portion of the purchase money, which was made by Wm. M. Tulley, and by reason of which the superior title remained in Tulley's vendor, Sidney Allen. Tulley had never made default in the payment of this note for the balance of the purchase price. Appellant, after receiving the quitclaim deed from Tulley and as part consideration therefor, paid to Allen the amount of the purchase-money note, which was canceled by the payee.

[1] At the time of the trial of this suit appellees had the right to pay the amount of this note and thereby acquire the superior legal title as well as superior equitable title. This amount was tendered in open court by appellees. Lanier v. Foust & Douglas, 81 Tex. 186, 16 S. W. 994; Browning v. Estes, 3 Tex. 462, 49 Am. Dec. 760; Estes v. Browning, 11 Tex. 237, 60 Am. Dec. 238; Atteberry v. Burnett, 102 Tex. 118, 113 S. W. 526; Moore v. Giesecke, 76 Tex. 543, 13 S. W. 290; White v. Cole, 87 Tex. 500, 29 S. W. 759; Thompson v. Robinson, 93 Tex. 165, 54 S. W. 243, 77 Am. St. Rep. 843; Walls v. Cruse, 185 S. W. 1033; Key v. Jones, 191 S. W. 736.

The reasonable value of the use of the property was testified to by appellee.

Appellant alleged and proved that he spent some money on certain repairs and additions, the amount of which he asked to recover. Under the pleadings and uncontradicted evidence appellees were entitled to an instruction to the jury requiring a verdict in their favor for the land and for rents subject to the payment of the balance of the purchase-money note.

[2] No title to the homestead of appellees passed by the quitclaim deed because it was not executed by the wife in accordance with the statutes. Vernon's Sayles' Rev. Civ. St. arts. 1115, 4621, 6802, and 6803; Const. Tex. art. 16, § 50; Wheatley v. Griffin, 60 Tex. 209; Phillips v. Warner, 16 S. W. 423; Swearingen v. Bassett, 65 Tex. 273; Allen v. Ashburn, 27 Tex. Civ. App. 239, 65 S. W. 45; Powell v. Ott, 146 S. W. 1019; Coker v. Roberts, 71 Tex. 597, 9 S. W. 665; Ward v. Walk-

er, 159 S. W. 320; Cullers v. James, 66 Tex. 494, 1 S. W. 314; Franklin v. Coffee, 18 Tex. 413, 70 Am. Dec. 292.

Wm. M. Tulley was a qualified witness according to the uncontradicted evidence, and competent to testify as to the reasonable rental value of the property.

No equities were pleaded or proven that would authorize a judgment in favor of appellant for the money paid by him for the alleged repairs.

From what has been found above, it follows that none of the nine assignments present reversible error, and all are overruled.

The judgment is affirmed.

