**COLLETT et al. v. BROKAW et al.**
**(No. 7101.)**

Court of Civil Appeals of Texas. Austin.
May 18, 1927.

Rehearing Denied June 15, 1927.

1. **Homestead** ⬧⟹83—**Tenant may have homestead on rented premises.**

A tenant may have a homestead on rented premises.

2. **Homestead** ⬧⟹74—**Crops on homestead prior to severance are exempt from forced sale (Homestead Law [Rev. St. 1925, art. 3832 et seq.]).**

Crops on a homestead prior to the time they are severed from it are, under the Homestead Law (Rev. St. 1925, art. 3832 et seq.), exempt from forced sale.

3. **Homestead** ⬧⟹74—**Wife's right to homestead cannot be disturbed by permitting purchasers at execution sale of husband's crops growing thereon to enter premises.**

Wife's right to the enjoyment of her homestead cannot be disturbed by permitting purchasers of husband's crops growing thereon, which have been sold through execution or other forced sale while standing in the field, to enter the homestead premises to gather and remove them.

4. **Homestead** ⬧⟹212—**Wife held necessary party in attachment proceedings against husband's crops growing on her homestead property.**

Since the foreclosure of an attachment levy on a husband's crops growing on the homestead property of his wife would interfere with her enjoyment of the homestead, and hence her rights would defeat the attachment levy, *held*, that the wife was a necessary party to the attachment suit.

5. **Homestead** ⬧⟹74—**Wife bringing statutory proceeding claiming interest in husband's crops attached held entitled to judgment, where crops were on her homestead (Rev. St. 1925, arts. 7402-7406).**

Wife bringing proceeding, under Rev. St. 1925, arts. 7402-7406, providing that, when any part of property levied upon by attachment is claimed by a person not a party to the writ, such party may assert his rights and receive the property under bond, *held* entitled to judgment, where the attachment was against crops of her husband, which were growing on her homestead.

Appeal from District Court, Tom Green County; J. F. Sutton, Judge.

Suit by Chas. Brokaw and others in county court against A. F. Collett, in which H. C. Collett and others filed claim to attached property. Judgment for plaintiff against A. F. Collett. From the judgment in trial of right of property in attachment suit in district court, claimants appeal. Reversed and rendered.

Collins, Jackson & Sedberry, of San Angelo, for appellants.

Glenn R. Lewis, S. C. Autry, and J. A. Thomas, all of San Angelo, for appellees.

BAUGH, J. This is an appeal from a judgment in the district court of Tom Green county in favor of appellees against appellants in a trial of the right of property under title 125 of the R. S. 1925. The appellees, as plaintiffs in a suit in the county court of Tom Green county against A. F. Collett, procured the issuance and levy on August 12, 1919, of a writ of attachment on certain growing crops on a farm owned by R. E. Sheridan, and situated in said county. These crops were levied upon as the property of A. F. Collett. On August 14, 1919, the appellees Mrs. Iona Collett, wife of A. F. Collett, and H. C. and L. G. Collett, sons of A. F. Collett, filed the statutory claimant's oath and bond, as provided for in articles 7402-7406, R. S. 1925. The crops levied upon by the sheriff, and valued by him at $700, were turned over to them, and were by them subsequently gathered and sold. Judgment was rendered in the county court case against A. F. Collett for $855.54,

and for foreclosure of plaintiffs' attachment lien, but providing that such order of foreclosure be subject to the judgment of the district court in this case on the trial of the right of the property involved.

The issues, as made by the claimants, were that Mrs. Collett and the two boys had rented the premises; that A. F. Collett, the husband and father, had agreed and consented to such rental contract, the crops to be divided between his wife and sons as they saw fit, Mrs. Collett's part to be her separate property, and, further, that the crops when attached were growing on the homestead of claimants, and under the law were not subject to attachment.

The case was submitted to a jury on special issues. They found that the place on which the crops were raised was the homestead of Mrs. Iona Collett and that L. G. Collett had no interest in the property, but could not agree upon and did not answer the special issues as to what interest Mrs. Collett had in the property; whether A. F. Collett agreed to the rental contract alleged to have been made by his wife and sons; and whether or not there was an agreement that Mrs. Collett's portion of the crops should be her separate property. On such finding both sides asked for a judgment. Appellants' motion was overruled and judgment rendered against the Colletts and their bondsmen for the value of the property and for 10 per cent. damages and costs.

[1, 2] Appellees do not question the finding of the jury that said place was Mrs. Collett's homestead. It is too well settled to require citation of authorities that a tenant may have a homestead on rented premises. It is also well settled that crops on a homestead, prior to the time they are severed from it, are, under the homestead Law (Rev. St. 1925, art. 3832 et seq.), exempt from forced sale. Coates v. Caldwell, 71 Tex. 19, 8 S. W. 922, 10 Am. St. Rep. 725; Allen v. Ashburn, 27 Tex. Civ. App. 239, 65 S. W. 45; Cry v. Bass (Tex. Civ. App.) 273 S. W. 347, and authorities there cited. Appellees insist, however, that since said crops were personal property, and under the control of the husband, who could have mortgaged or sold them without her consent, and since he did not set up their exemption from attachment in the suit against him in the county court case, but permitted judgment to be there rendered foreclosing the attachment lien without attacking its validity or appealing therefrom, he has waived such exemption, and his wife is bound by such waiver, and that the county court judgment is res adjudicata on the question of the validity of the attachment lien, citing Whiteselle v. Jones (Tex. Civ. App.) 39 S. W. 405. In that case Judge Fly expressly held that in a suit against the husband, involving exempt personal property, the wife is not a necessary party, and that a judgment against the husband as to such property is conclusive against the wife. We do not think, however, that the facts of this case bring it within the rule announced in that case.

[3, 4] In that case no question of interference with the actual use and possession of the homestead itself was involved. The exemption of said crops from forced sale is based not upon the theory that they are a part of the realty and hence a part of the homestead, but that, if sold through execution or other forced sale while standing in the field, to permit the purchasers to enter upon the premises to gather and remove them would be an interference with the enjoyment of the homestead itself. Silberberg v. Trilling, 82 Tex. 523, 18 S. W. 591; Coates v. Caldwell, supra. And the right to such enjoyment undisturbed is one vested by the Constitution in the wife, as well as in the husband, and is one of which she cannot be deprived without her consent except by a proper proceeding. If the place was the homestead of Mrs. Collett, her husband could no more waive her right of enjoyment of it, or its exemption from a forced sale of the crops growing thereon, than he could convey it without her consent. Under such circumstances, and since the foreclosure of the attachment levy in the county court case would have interfered with her use, possession, and enjoyment of her homestead, she was a necessary party to that suit. As said in Jergens v. Schiele, 61 Tex. 255:

"If there was any defense that could have been urged growing out of her homestead rights which would have defeated the action, then" the wife is a necessary party defendant.

This rule has been followed consistently since its announcement. Cooley v. Miller (Tex. Com. App.) 228 S. W. 1085, and cases therein cited; Medearis v. Buratti (Tex. Civ. App.) 275 S. W. 617; Astin v. Martin (Tex. Civ. App.) 289 S. W. 447.

[5] Clearly she could have defeated the attachment levy by asserting her homestead rights in the county court case as fully and effectively as if the attachment had been levied upon community real estate owned and used by her and her husband as their homestead. There is, therefore, no legal obstacle to her assertion of her rights to and interest in said crops in any manner authorized by law. Her homestead being established and unassailed, her interest in the property therefore not controverted, and having been joined by her husband in a proper proceeding in asserting her rights, the trial court should have rendered judgment in her favor.

A further interesting question is raised in this: The sheriff having valued the crops attached at $700, the county court had no jurisdiction to try the rights of the property involved, and that question had to be adjudi-

cated in a separate trial in the district court. In the issues as made up in the district court proceeding a direct attack was made upon the validity of the attachment levy, on the ground that the crops attached were exempt from such levy because of the homestead. If such claim had been pleaded and proven by A. F. Collett, or by Mrs. Collett's intervention in the county court case, it would have completely defeated the attachment, and no question of the right of property could have arisen. No such plea was offered, but, before any judgment was rendered in the county court case, the same question was raised in another manner in the district court, in which proceeding Mrs. Collett was subsequently joined by her husband. And after rendering judgment in favor of appellees against A. F. Collett on their debt, the county court ordered a foreclosure of said attachment lien, but expressly made such foreclosure subject to the judgment thereafter to be rendered in the district court case then pending. Under such circumstances, was it necessary for A. F. Collett, or Mrs. Collett by intervention, to have asserted such homestead exemption, in the original county court proceedings; or did their assertion of it (A. F. Collett having joined his wife and adopted her pleadings in the district court case) under the circumstances, in the district court case, the county court's judgment having been made expressly subject thereto, amount to the same thing? Was the judgment of the county court foreclosing the attachment levy final on that question, or did the district court have jurisdiction to determine that issue? We merely state this question as raised and express no opinion upon it, since we have concluded that the other question discussed finally disposes of the case.

For the reasons stated, the judgment of the trial court is reversed, and judgment here rendered for appellants.

Reversed and rendered.