## Frederic K. Jergens v. Richard Schiele.

(Case No. 1805.)

1. JUDGMENT.— A judgment against the husband alone, touching community property, is conclusive as to the title to the property upon both husband and wife. Nor is the wife a necessary party to any suit in which the homestead is not available as a defense, merely on account of the fact that the family home is established on the property, unless she has a defense growing out of her homestead rights which would defeat the action, in which event she is a necessary party.

2. HOMESTEAD — PARTITION.— Under the probate law of 1848 the homestead was subject to partition after the death of the husband, the wife surviving, when the estate was solvent.

3. JUDGMENT — EVIDENCE.— When the judgment of a court of competent jurisdiction has determined the relative interests of the parties to a suit, involving the title to land, such judgment is conclusive in a subsequent proceeding between the same parties for partition, as to the amount of their respective interests. The fact that the wife, claiming homestead rights in community property affected by the judgment, was not made a party to the former suit, to which her husband was a party (she having no homestead rights that could have defeated the action), constitutes no reason why the former judgment should not be used in evidence in proceedings for partition.

APPEAL from Harris. Tried below before the Hon. James Masterson.

This was a suit by the appellee for partition of three acres of land situate in the city of Houston, and of which the appellee claimed three-eighths, and he alleged the appellants owned five-eighths.

The defendants answered by general denial, and that the premises were originally agreed to be purchased by one Charles Schiele, father of plaintiff, from one John F. Crawford, who executed to Charles Schiele two deeds for the land: one dated on the 22d day of April, 1854, for one acre, and one executed 27th day of November, 1854, for two acres; that Charles Schiele never paid any of the purchase money for which a lien was retained in the deeds; that Charles Schiele had as his wife Fredericka Schiele, and the issue of their marriage was the plaintiff; that Charles Schiele died in the month of December, 1854, leaving his wife Fredericka and the plaintiff, then an infant, surviving him; that in 1856 the defendant Frederick Jergens intermarried with said Fredericka Schiele, at which time there was no improvement on the land, save a small house; that the purchase money due Crawford was unpaid; that the lien therefor subsisted, and the same was due; that Frederick Jergens, after his intermarriage with Fredericka Schiele, about the 31st day of January, 1856, paid the purchase money to Crawford. That the superior title was in Crawford until the purchase money was paid,

and that Crawford executed a deed to the defendant Frederick Jergens, and his then wife, Fredericka Jergens, formerly Schiele, dated the 31st day of January, 1856, for the land in controversy; that said premises became the homestead of defendant Frederick Jergens and his then wife, Fredericka, formerly Schiele, in the year 1855, and had ever since been his homestead; that during the marriage of defendant Frederick Jergens with Fredericka they had born to them a daughter, Dorothea, January, 1858; that Fredericka Jergens, formerly Schiele, died March 29, 1858, leaving surviving her the plaintiff Richard, the daughter Dorothea, and the defendant Frederick Jergens, her husband; that on the 8th day of July the daughter Dorothea died; that defendant intermarried in the year 1859, and had greatly improved the property, to the extent of twenty-three hundred dollars. That during all the time the property had continued their homestead, and never ceased to be the homestead from 1855, and that they had reared and educated the plaintiff from infancy until he was twenty-one years old; that A. R. Masterson, by a contract with plaintiff, acquired one-quarter of plaintiff's interest in the land for legal services rendered, and that Masterson, on the 9th of February, 1881, conveyed that one-fourth to defendant Frederick Jergens. That on the 7th day of December, 1880, the plaintiff Richard Schiele conveyed all his interest in the premises to defendant Frederick Jergens, and that the same belonged to defendants.

Judgment for plaintiff, and decree of partition awarded, but with judgment in favor of Mary Jergens for $450, her portion of the improvements, with costs adjudged, five-eighths against defendants and three-eighths against the plaintiff.

Mrs. Jergens proved no title in herself. The judgment in case No. 10,623 was in trespass to try title between the appellee and the appellant, Frederick Jergens, decreeing that they were entitled, on November 15, 1880, each to one-half of the property in controversy, and decreeing partition of it in those proportions between them; that judgment was final, and no appeal had been taken from it. Appellant Frederick sought in this case to show title in himself to all of this property and homestead rights therein, acquired prior to that decree, and especially to set up title inherited by him from his daughter, Dorothea, appellee's sister, who died after their mother; appellee, by supplemental petition, pleaded that judgment in estoppel.

The petition, answer and judgment in cause No. 10,997 in the district court of Harris county, of Richard Schiele v. Frederick Jer-

gens, showed that the conveyance by the former to the latter, relied on by Jergens for title in this case, had been on the merits of that cause adjudged to be invalid, and that it had been canceled, restoring the title to Schiele, and placing the rights of the parties as they stood before the execution of a deed to Jergens. Appellant had pleaded in his answer this deed from appellee for title, and by supplemental petition this judgment canceling it had been alleged in reply.

*W. P. Hamblin*, for appellant, cited: McCoy v. Crawford, 9 Tex., 356, and cases there cited; Andrews v. Hagadon, 54 Tex., 571; Pressley's Heirs v. Robinson, 57 Tex., 453; Putnam v. Young, 57 Tex., 461; sec. 52, art. 16, Const.; Thompson v. Westbrook, 56 Tex., 265; Harris v. Catlin, 53 Tex., 1; Roosevelt v. Davis, 49 Tex., 463.

*Hutcheson & Carrington*, for appellee, cited: Freeman on Judgments, secs. 256, 272, 302; Tadlock v. Eccles, 20 Tex., 782; Girardin v. Dean, 49 Tex., 243; Baxter v. Dear, 24 Tex., 17; Wright v. Dunning, 46 Ill., 274; Higgins v. Johnson, 20 Tex., 389; White v. Shepperd, 16 Tex., 172; Farmer v. Simpson, 6 Tex., 310; Thompson on Homestead, pars. 696 and 698; Amphlett v. Hibbard, 29 Mich., 298; Sloan v. Coolbaugh, 10 Iowa, 31; Chase v. Abbott, 20 Iowa, 158.

WILLIE, CHIEF JUSTICE.— The court did not err in admitting in evidence the proceedings in the two suits known in the transcript as No. 10,623 and No. 10,997, which were brought by Richard Schiele against Frederick Jergens to establish the right of the former in the two tracts of land bought by his father from John F. Crawford.

These lots, upon the defendants' own theory of the case, were five-eighths the separate property of the defendant Frederick Jergens, and three-eighths the community estate of himself and his wife Mary. The appellee's claim is that he owned an undivided interest of one-half in the property when suit No. 10,623 was brought, and an undivided interest of three-eighths in it at the commencement of suit No. 10,997. The decrees in each of these cases fixed the respective interests of the parties according to the claim of the plaintiff. It clearly appears, then, that the contest between the parties, and especially in the last case, was whether the portion of the lots in controversy belonged to the plaintiff or was part of the community estate of the present appellees.

This depended in the last suit upon whether a deed for that por-

tion of the property in controversy was valid or obtained through fraud by Frederick Jergens from the appellee. To such a suit the wife was not a necessary party, and her presence in the cause would not have made the decree rendered in it any more binding than if obtained against the husband alone, unless she was an essential party by reason of the fact that the homestead was located on the premises.

If there was any defense that could have been urged growing out of her homestead rights which would have defeated the action, then she was a necessary defendant in the cause.

But this was not the case. Had she appeared and pleaded, and proved the facts as to her homestead which she pleaded and proved in the present case, or any other conceivable state of facts applicable and appropriate to the controversy between the appellee and her husband, they would not have availed as a bar to the plaintiff's demand.

Mr. Thompson, in his work upon Homesteads, § 696, says that "to any proceeding in which the right of homestead is not available as a defense, . . it is obvious that the wife is not, on account of the fact that the *locus in quo* constitutes the family homestead, a necessary party."

He illustrates this proposition by the case of a bill to foreclose a mortgage given for purchase money of the homestead; and the supreme court of Michigan has held that to such a bill the wife need not be made a defendant. Amphlett *v.* Hibbard, 29 Mich., 295. But that is not so strong a case as the present. In such an action the question might arise whether the mortgage was actually given for purchase money or not. Should the wife be able to establish the negative, then her plea of homestead would defeat the action.

But there was no fact which, if proved in this case, could have let in the homestead rights of the wife as a defense to the plaintiff's claim.

The only question between the parties was as to whether or not Schiele's deed to Jergens was obtained by fraud. That answered in the affirmative, no homestead right of the wife could prevent the plaintiff's recovery. Decided in the negative, judgment must necessarily go for the defendant whether the property was a homestead or not.

No partition of the property was decreed in either of the former cases. It was the sole object of the present action, and hence the wife was made a party defendant. In this case she had an opportunity to be heard as to her homestead rights, and yet she set up

nothing in the way of such rights which could have defeated this or the former actions; but merely relied upon the same defenses in substance which had been determined in the former suits in favor of the appellee, with all necessary parties before the court. She received in the judgment rendered in this cause the benefit of her claim of improvements placed upon the homestead, which was all that she was entitled to, the title to the lots having been fully settled in the previous suits.

As to the point raised, that the court could not decree a partition of the homestead, it will suffice to say that the probate law of 1848 was in force at the respective dates of the death of appellee's father and mother, and governed the question as to the partition of the homestead. Putnam v. Young, 57 Tex., 464.

By that law the homestead could be partitioned when an estate was solvent, and such was the case in the present instance, for aught that appears to the contrary. Pasch. Dig., art. 1305.

We are of opinion that the decrees and proceedings in the two cases, Nos. 10,623 and 10,997, between Schiele and Frederick Jergens, were rightly admitted in evidence. We think further that they had fully settled the interest of each of those parties in the land sought to be partitioned, and that the question of the amount of that interest could not be reopened in the present suit. All that the court could do was to direct the partition in accordance with the interests thus established, allowing to the party making the improvements the value of the same, which was done by the court below; and there is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered March 4, 1884.]