HALL et al. v. HALL et al.    (No. 6735.)

(Court of Civil Appeals of Texas. San Antonio. April 19, 1922. Rehearing Denied June 7, 1922.)

1. **Husband and wife** ⬤➡272(1)—**That wife abandoned husband held not to divest her title in community property.**

That a wife had deserted her husband did not divest her of her title to her share in community property.

2. **Deeds** ⬤➡94—**To land held to merge oral agreement by grantor to give land to grantee in return for support.**

Where a deed from a father and his wife to their son stated a real consideration in money, evidenced by the son's promissory notes and the assumption of other notes as the express consideration of the deed, a previous parol gift of the land to the son by his father for support during the balance of the father's life was merged in the deed.

3. **Trespass to try title** ⬤➡27—**Wife of defendant held not a necessary party in suit.**

Where a father conveyed land to his son stating a real consideration in the deed, and at the same time a parol agreement was made between the mother and son that at the death of the father the son would convey half of the land to his brother, in trespass to try title by the heirs of the latter against the grantee of his father, the wife of the grantee was not a necessary party on account of her homestead interest, since she could not acquire a homestead against her husband's grantor antagonistic to the trust agreement, which was a part of the consideration of the deed.

Appeal from District Court, Williamson County; George Calhoun, Judge.

Action by Ida Hall and others against Brack Hall and another. From judgment for plaintiffs, defendants appeal. Affirmed. See, also, 198 S. W. 636.

Page & Jones, of Bastrop, and W. H. Nunn, and F. D. Love, both of Georgetown, for appellants.

Wilcox & Graves, of Georgetown, and R. E. Bowers, of Breckenridge, for appellees.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

COBBS, J. This is an action in trespass to try title by Ida Hall, for herself and as guardian for her minor children, and R. E. Bowers, against appellants, for an undivided one-half interest in and to 139 acres of land out of the Moses Hall pre-emption of 160 acres on the Aguirre 10-league grant in Williamson county. This was community property of, and the homestead of, Moses Hall and his wife, Rilla Hall. They had two children, one being Brack Hall, one of the appellants herein, and the other Thomas Hall, deceased, the ancestor of appellees. The said Moses and Rilla becoming old and incapable of making a living on the said farm, Rilla Hall moved to the town of Taylor, where she resided until her death, the said Moses residing on the farm until his death. It was claimed that Moses Hall invited his son Brack and his wife to come to the farm and take care of him, agreeing to give the place to them at his death, in consideration of their support, care, and attention to him as long as he lived. They went into possession of said property and made improvements, thereby fulfilling their contract, as claimed.

Subsequently, on the 26th day of December, 1898, Moses Hall and Rilla Hall made a conveyance of the land by general warranty deed to J. B. Hall, reciting the consideration in money of $3,475 paid in cash and balance in deferred notes, reserving express lien in the deed to secure the note, as well as the assumption of two outstanding notes of Moses and his wife, prior liens on the land. As a further consideration there was an alleged contemporaneous oral agreement, made by and between Brack Hall and Rilla Hall, that, upon the death of Moses Hall, Brack Hall would execute a conveyance passing to Thomas Hall an undivided one-half interest therein. Thomas Hall died, leaving surviving him his wife, Ida, and their children, all appellees herein, and Brack Hall repudiating the alleged trust agreement, the appellees instituted their suit, cause No. 7912, entitled Ida Hall et al. v. Brack Hall, in the district court of Williamson county to recover a one-half undivided interest therein, and for partition. At the February term, 1916, of said court, they recovered judgment with a decree for partition thereof, and commissioners reported they had made a partition of the land in two separate parcels, one being No. 1 and the other No. 2. No. 1 was set apart to appellee and her children, and No. 2 to appellant.

Appellants refusing to surrender the possession to appellees, this suit was brought to recover the tract numbered 1, set aside to appellees. The case was tried before a jury upon special issues submitted to them by the court, and upon their answer judgment was entered in favor of appellees for the land

241 S.W.—40

sued for. The issues submitted to the jury and their answers thereto are as follows:

"Question No. 1: Do the jury find from a preponderance of the evidence in this case that Rilla Hall on or about the year 1889 abandoned her husband, Moses Hall?

"Question No. 2: Do the jury find from a preponderance of the evidence that, after Rilla Hall moved away from the farm of herself and husband and went to the town of Taylor, her husband, Moses Hall, before the execution of the deed from the said Moses and Rilla Hall to the defendant Brack Hall, of date the 26th day of December, 1898, made a valid parol gift of his homestead including the land herein sued for, to the said Brack Hall?"

Thereafterwards on the 21st day of June, 1921, the jury returned into open court the following verdict and answers to the two special issues submitted to them by the court:

"We, the jury, answer the questions submitted to us as follows:

"To question No. 1, we answer: Yes.

"To question No. 2, we answer: No."

[1] Whether Rilla Hall abandoned Moses Hall or not, is not so material here. While it might have operated to divest her of a homestead right, it could not operate to divest her of her community right, title, and interest in and to said property. Granting that the husband would have the right to convey the community property, not a homestead, without the wife's signature, he made no separate conveyance thereto. The husband was left in the full, free enjoyment of the property as his homestead while he lived. While the jury found that Rilla abandoned him; that finding did not and could not divest her of her title.

[2] Brack Hall and Belle Hall claimed that Moses Hall by parol gift gave the property to them, to support him the balance of his life. Brack Hall received and accepted a written conveyance thereafter from Moses and Rilla Hall, as "husband and wife," expressing and stating a real consideration in money, evidenced by his promissory notes and the assumption of other notes, as the expressed consideration of the deed. This certainly is an additional agreement to the one of support and maintenance of him, and merges the oral agreement, if there ever was one. The parties all recognized the ownership of Mrs. Rilla Hall, or else why did she thereafter make, execute, and deliver the only deed which contained her separate acknowledgment, separate and apart from her husband?

The jury found there was no parol trust that ever existed between Moses Hall and Brack Hall and his wife, Belle Hall; so that eliminated any supposed parol title by gift or otherwise in Brack and Belle Hall, for the only title they had was under the

deed from Moses and Rilla Hall to Brack Hall. In the said suit, No. 7912, it was adjudged, as it was in this case, that appellees held the legal title to the land sued for under and by virtue of a parol trust, adjudged and fixed upon the said deed of date December 28, 1898.

But appellants urge and claim that the property sued for was the homestead property of appellants, and Belle Hall's rights for that reason could not be affected thereby, as her husband was sued, but she was not. We do not think that the question of whether there was a parol trust created in favor of appellants by reason of any oral agreement made with Moses, without Rilla, is important, as the parties secured a written transfer from Moses and Rilla upon other agreed expressed consideration therein set out. That question was fully settled and adjudicated in said cause No. 7912 in favor of appellees. But it is contended that, as only Brack Hall was a party to that suit and Belle was not, only his interest was affected, and her homestead interest was not, because the land was given by parol gift by Moses Hall to them some two years or more prior to the deed of 1898. That question was decided against Belle Hall's contention, both in the prior case in which she was not a party with her husband, but has been here again decided there was no parol trust in their favor from Moses Hall's acts.

[3] Under the facts of this case Belle Hall was not a necessary party to that suit. Jergens v. Schiele, 61 Tex. 255. Had she been a party to that suit, and pleaded the facts as they appear herein, it would not have availed her anything. She could not acquire a homestead against her husband's vendor antagonistic to the trust agreement, a part of the consideration to the deed between Rilla and Brack Hall. The only title they ever had was the said written deed to Brack Hall from Moses and Rilla Hall, for the jury found there was no parol one, and no fact in connection with the transaction, whether pleaded in the cause No. 7912 or elsewhere, would have been of any benefit.

There have been raised and discussed many questions by the diligent counsel on both sides, that may be eliminated from any discussion in this opinion, though all passed upon and considered. We have endeavored to place our opinion upon a very simple analysis of the case. To reiterate: Moses and Rilla Hall having a tract of land of 139 acres, community property between them, upon which they lived, had two children, Brack and Thomas. Growing very old and not able to make a living, Rilla moved to Taylor, where she lived until she died, and the jury in this case found she abandoned Moses. Moses, it is alleged, then sent for Brack, his son, and had a parol agreement with him whereby he agreed to give him the 139 acres, if he and his wife, Belle, would take care of and support him until he died. Two years thereafter, Moses and his wife, Rilla Hall, conveyed the property to Brack, expressing real money considerations, or what is equal to it, which appellants accepted and held under. There was an oral agreement on the side between Rilla Hall and Brack Hall, a part of the consideration, that, at the death of Moses Hall, Brack Hall was to convey a one-half undivided interest to Thomas Hall.

Upon the death of Moses Hall, Brack Hall refused to execute the deed. Thomas Hall dying, his representatives, the appellees, brought a suit against Brack Hall to recover one-half undivided interest therein, being said cause No. 7912 in the district court, and, for partition, and recovered judgment as prayed. Said parties still refusing to give possession, and Belle Hall claiming a homestead right therein, claiming she was not affected by said suit, cause No. 7912, she not having been made a party thereto, required the institution of this suit for possession, and appellees recovered judgment therein. The jury found in this cause that there was no parol agreement between Moses Hall and Brack Hall affecting the land. Mrs. Belle Hall was not a necessary party to cause No. 7912, for she acquired no homestead right in said property against Rilla Hall, or her heirs, for the reasons given.

We see no reversible error assigned, and, as substantial justice has been done, the judgment is affirmed.