**MEDEARIS et al. v. BURATTI.    (No. 6867.)**

(Court of Civil Appeals of Texas. Austin. June 17, 1925. Rehearing Denied Oct. 7, 1925.)

**1. Judgment ⬤⟲194—Judgment need not expressly dispose of cross-action to be final.**

Judgment in general terms for one party need not expressly dispose of cross-action or counterclaim of opposing party to be final, all necessary issues being disposed of by implication.

**2. Appeal and error ⬤⟲672—To wrongfully withdraw case from jury is fundamental error.**

To wrongfully withdraw a case from jury on peremptory instruction is fundamental error.

**3. Appeal and error ⬤⟲927(7)—Evidence considered in light most favorable to appellant in testing sufficiency for jury.**

Where case has been withdrawn from jury on peremptory instruction, evidence will be considered in light most favorable to appellant, disregarding conflicts and contradictions, in testing sufficiency for jury.

**4. Homestead ⬤⟲81—Wife held to have homestead rights of which she could be deprived, only as prescribed by Constitution and statute.**

Where husband and wife, with children, continuously, without interruption, resided on land belonging to father and mother of husband, in house built by latter as homestead for number of years, and were so living at time of partition after death of father and mother, wife held to have homestead rights of which she could be deprived only as prescribed by Constitution and statutes, notwithstanding they continued to rent from father of husband during his lifetime, or occupied land as cotenants with other heirs after death of mother, or that interest in land was separate property of husband.

**5. Homestead ⬤⟲86—House, built from community funds, held homestead.**

House, built from community funds, and occupied continuously for number of years, held homestead, and exempt as such, in which wife had vital interest, notwithstanding it was built on land of mother.

**6. Homestead ⬤⟲116, 212—Husband could not fix lien on homestead by agreement or suit to which wife was not party.**

Although homestead right in one cotenant cannot prejudice rights of others nor prevent partition thereof, lien claim against cotenant, owning major interest and homestead rights, for loan to effect purchase of entire premises through partition sale, could not be enforced to prejudice of his wife, who was not party to agreement, or to partition suit.

**7. Homestead ⬤⟲188—Wife entitled to set up homestead rights in foreclosure of vendor's lien, if not party to agreement resulting in purchase.**

Where one cotenant, owning major portion and having homestead rights in property, made agreement for purchase of entire tract through partition sale and gave vendor's lien on whole property, for title from purchaser at partition sale, wife, who was not party to partition suit nor to purchase agreement, could set up homestead rights to suit foreclosing lien.

**8. Judgment ⬤⟲955—Evidence, that wife was not party to partition suit, not conclusive.**

Where partition decree was not introduced in subsequent suit involving land, original petition in partition suit or testimony of wife of one of cotenants that she did not know anything about that suit held not necessarily to show that she was not party to such suit, as original petition could have been amended, and she could have been served with citation or waived service.

**9. Homestead ⬤⟲214—Vendor, enforcing lien on property purchased at partition sale and sold to one cotenant having homestead rights, had burden of proving that wife of purchaser had no homestead rights.**

Where land was partitioned, and one of co-tenants, having homestead rights, bought entire tract from purchaser and gave notes secured by vendor's lien, in which wife did not join, purchaser held to have burden of proving that wife, who was not party to partition suit, had no homestead rights or that such rights were inferior to his own.

Appeal from District Court, Travis County; M. C. Jeffreys, Judge.

Action by D. D. Buratti against James E. Medearis and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded for new trial.

Cofer & Cofer, of Austin, for appellants.

Geo. S. Dowell and Hart, Patterson & Hart, all of Austin, for appellee.

BAUGH, J. This is an appeal from a judgment of the district court of Travis county on eight vendor's lien notes, executed

by James E. Medearis to D. D. Buratti, and foreclosing the lien on 64 acres of land situated in Travis county.

James E. and Pearl Medearis married in 1908, moved onto the land in question, and lived in the house with James E. Medearis' father and mother, George and Ann Medearis, until the fall of 1912, when James E. Medearis built on this land at his own expense, out of community funds, a house about 100 yards away from that of his parents. In 1913, Ann Medearis died and left surviving her husband, George Medearis, and eight children, including James E. Medearis. Thereafter, George Medearis died, leaving a will in which he devised to James E. Medearis all his property. Including what he inherited from his mother, James E. Medearis thus became the owner of a nine-sixteenths or 36-acre undivided interest in the 64-acre tract. In 1919 the other heirs of Ann Medearis sued James E. Medearis and his brother, Green Medearis for partition of their mother's estate, alleging that the 64 acres was not susceptible of partition, and asked that it be sold and the proceeds divided. James E. Medearis answered, confessing such allegations and joined in the prayer for the sale of the 64 acres. Only the original petition of this partition suit, James E. Medearis' answer thereto, and the deed of the receiver appointed by the court to make the sale, were introduced in evidence. This deed from the receiver, dated July 29, 1919, conveyed the 64 acres to D. D. Buratti, appellee, for a recited cash consideration of $6,400. On August 1, 1919, Buratti reconveyed this land to James E. Medearis for a recited consideration of $6,400, $1,900 cash and eight vendor's lien notes for the aggregate sum of $4,500 due one each year respectively from November 1, 1921, to November 1, 1928. Both of these deeds were filed for record on the same day. Upon failure to pay notes 1 and 2 appellee, under their terms, elected to mature all of said notes and brought suit thereon, making James E. and Pearl Medearis parties.

Appellants defended on three grounds: First, against personal liability of James E. Medearis because of his discharge in bankruptcy; second, on the ground that at the time of the partition suit appellants owned an undivided 36-acre interest in this land, were occupying and using it as a homestead, and that the partition suit was merely a simulated transaction, and so known to Buratti at the time for the purpose of creating a lien on their homestead interest in said 36 acres, to secure money furnished James E. Medearis by Buratti to purchase the 28-acre interest of the other heirs; and, third, on the ground that Pearl Medearis, having a homestead interest therein at the time was a necessary party to the partition suit, but was not made a party, and that such parti-

tion decree, as to her, was therefore void. They also by cross-action asked that the lien be annulled, their homestead right in the 36 acres established, and the land partitioned.

Plaintiff introduced in evidence his notes and the deed from him to Medearis. At the close of defendants' evidence and without any rebuttal evidence the court, upon motion of plaintiff, gave the jury peremptory instructions to find for the plaintiff.

## Opinion.

[1] Appellants' first contention is that, since the judgment made no express disposition of their cross-action, but only awarded appellee judgment for his debt with foreclosure of his lien, it is not a final judgment. There is no merit in this. A judgment is final when it expressly or by necessary implication disposes of all the issues raised in a case, and a judgment in general terms in favor of one party has been held to dispose of the cross-action or counterclaim of the opposing party even though same is not expressly mentioned. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Swan v. Price (Tex. Civ. App.) 162 S. W. 994; Cudd v. Whippo (Tex. Civ. App.) 234 S. W. 706; Taylor v. Masterson (Tex. Civ. App.) 231 S. W. 856.

[2-4] The next contention, raised in numerous propositions, relates to the homestead claims of Pearl Medearis in the land. The court, in giving peremptory instructions to the jury, in effect, held that there was no evidence as a matter of law to support the defenses pleaded. To wrongfully withdraw a case from a jury on peremptory instruction has been held to be fundamental error. Rowe v. Railway Co. (Tex. Civ. App.) 205 S. W. 731; Palm v. Nunn (Tex. Civ. App.) 203 S. W. 1124; Walker v. Haley, 110 Tex. 50, 214 S. W. 295. And in passing upon such matters the evidence must be considered in the light most favorable to appellant, disregarding conflicts and contradictions. Harpold v. Moss, 101 Tex. 540, 109 S. W. 928; Rose v. Rogers (Tex. Civ. App.) 264 S. W. 955. The uncontroverted evidence shows that James and Pearl Medearis with their children continuously and without interruption resided on the lands involved, occupying and using same as their homestead from 1912 up to the time of the foreclosure suit, and that they were so using and occupying same with the knowledge of appellee at the time of the partition suit. It is immaterial that they were renting from James E. Medearis' father during his lifetime, or occupying the land as cotenants with the other heirs of Ann Medearis, or that their interest was the separate property of the husband. In any or all of such cases the homestead rights of the wife attach, and she can be deprived of such rights, unless abandoned, only in the manner prescribed by the Constitution and the statutes. Parker v. Schrimsher (Tex.

Civ. App.) 172 S. W. 165; Allen v. Ashburn, 27 Tex. Civ. App. 239, 65 S. W. 45; Wheatley v. Griffin, 60 Tex. 209; Jergens v. Schiele, 61 Tex. 255; Cooley v. Miller (Tex. Com. App.) 228 S. W. 1085; Tucker v. Dodson (Tex. Civ. App.) 245 S. W. 728; Crowder v. Bank. (Tex. Com. App.) 261 S. W. 375.

[5] And even if they had not owned the land on which it was situated, the house built by James and Pearl Medearis with community funds in 1912, was, under the evidence, their homestead, exempt as such, in which Pearl Medearis had a vital interest. See Cullers v. James, 66 Tex. 495, 1 S. W. 314.

[6] While a homestead right in, one cotenant cannot prejudice the rights of other cotenants in the property (Clements v. Lacy, 51 Tex. 150; Leach v. Leach [Tex. Civ. App.] 223 S. W. 287) nor prevent a partition thereof, yet in a partition suit where, as in the instant case, one cotenant owns a major interest in the property, including his house on the premises, and the whole is sought to be sold as incapable of partition, if in fact, as alleged by Pearl Medearis in this case, the land was capable of partition and the homestead could have been set aside to her without sale of the whole tract, she was entitled to show these facts, and was a necessary party to the suit. Her husband, James E. Medearis, could not, in fraud of her rights, by agreement to which she was not a party, in a partition suit or otherwise, either fix a lien on her homestead or have it sold, if in fact it could, without prejudice to the other cotenants, have been set aside to her in kind, any more than he could have conveyed it without being joined by her. The rule as to necessary parties is stated by Chief Justice Willie in Jergens v. Schiele, supra, as follows:

"If there was any defense that could have been urged growing out of her homestead rights which would have defeated the action, then she was a necessary defendant in the cause."

See, also, Cooley v. Miller (Tex. Com. App.) 228 S. W. 1086, and authorities there cited.

[7, 8] If in fact she was not a party to the partition suit, and could have defeated such action, then she was entitled to set up such defenses to the suit of appellee. We doubt, however, if there was any competent evidence that she was not a party to the partition suit. The partition decree, which would have conclusively settled the question, was not introduced. The original petition, which was introduced, is not conclusive, as such pleading could have been amended so as to include her, or she could have intervened. Her own testimony that she "did not know anything about a suit filed by Kate Kavanaugh against Jim and Green Medearis," does not necessarily show that she was not a party to such suit. She could have been served

with a citation, or waived service, as is often done in friendly partition suits, and still have truthfully given the same testimony.

[9] We have reached the conclusion, however, that the trial court erred in giving the peremptory instruction for another reason. When the appellee introduced the notes and the deed from himself to James E. Medearis, he made out a prima facie case. Appellants' evidence, however, showed that Pearl Medearis had, with her husband and children, lived upon the 64-acre tract of land as their homestead since 1912, and that such use and occupancy was not in fact broken nor interrupted by the partition suit, and that the nature and extent of such occupancy was known to appellant Buratti all along. The proof also showed that they lived in a house built by James and Pearl Medearis, from community funds. In other words, it appears that she had been in possession of the property as a homestead continuously, and there was no evidence of abandonment. Pearl Medearis was not named in the deed from Buratti to James E. Medearis, nor did she join in the notes executed by her husband. Having shown such continued possession of the property claiming same as her homestead, and not being a party to any of the instruments introduced by appellee on which he seeks to recover, we think it was incumbent on the appellee, as plaintiff, to show either that she had no homestead right, or that his asserted rights were superior thereto.

In Welborne v. Downing, 73 Tex. 527, 11 S. W. 502, where the defense of homestead against execution sale was interposed, and the question of abandonment by removal of the parents to another state was urged, the Supreme Court held that, when the owners had shown that it was their homestead prior to the time it was levied upon, it then devolved upon the judgment holder to prove that it had been abandoned as such at the time of the levy. Here we have continued possession and homestead claim by the wife, which, so far as the proof shows, she has neither abandoned nor alienated, and which she still claims. Under such circumstances, we thing it was incumbent upon the plaintiff to show a loss or alienation of her homestead rights, and the introduction only of instruments to which she was not a party, in our opinion, fails to do so. For this reason, the case must be reversed.

The other contentions, raised by appellants, relate to issues which need not occur again upon another trial, and we pretermit a discussion of them here. For the error discussed, the judgment of the trial court will be reversed, and the cause remanded for another trial.

Reversed and remanded.