**TRAVELERS INS. CO. v. NAUERT et ux.**

**No. 4146.**

Court of Civil Appeals of Texas. El Paso.
Dec. 4, 1941.

Rehearing Denied April 30, 1942.

Renfro & Kilgore, of Dallas, for appellant.

W. Trenckmann, of Austin, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of one of the District Courts exercising jurisdiction in Travis County. As plaintiff, the Travelers Insurance Company sued in trespass to try title to recover of Otto Nauert and his wife, defendants, the title to a certain tract of land situated in Travis County. Defendants disclaimed as to all but an undivided one-fourteenth interest therein, and as to such interest pleaded not guilty. Trial was before the court without a jury, judgment in favor of plaintiff on the disclaimer, and as to the one-fourteenth undivided interest in dispute, in favor of defendants. Plaintiff has perfected this appeal.

There was no substantial conflict in the evidence. Plaintiff's sole claim to the title was founded on the foreclosure of a cer-

tain deed of trust under the power of sale contained therein. This deed of trust was dated February 1, 1934 and executed and delivered by Otto Nauert' and wife to a trustee to secure the payment to plaintiff of the obligation of Otto Nauert, evidenced by a promissory note in the sum of $4,061.-75. This note was signed likewise by his wife. The sale vested all right and title of defendants in plaintiff, unless the one-fourteenth interest in question was the homestead of defendants at the time of the execution of the deed of trust and had been such on and prior to the 9th day of January, 1926, the date the executors of Caroline Nauert 'and the brothers and sisters of Otto Nauert executed a deed to said Otto Nauert partitioning to him the premises in controversy. If it was such homestead, under the Constitution as to such homestead it was void, the loan not being for a purpose authorized by the Constitution.

The land involved herein was the community property of Carl and Caroline Nauert, the father and mother of defendant Otto Nauert. At the time of the death of the father in 1893 he and his wife owned this land and other lands, which were community property. He left a will by the terms of which his wife was made independent executrix. This will was duly probated and his wife qualified as independent executrix. Under the will the wife was given 150 acres of land as a homestead; she was given power to sell certain property to pay off the debts and certain legacies provided for in the will. One of the two tracts as to which this power was given was 156 acres of which the 75 acres involved here was a part. The will provided that his children should share equally in his estate. Otto Nauert was one of his seven surviving children, and subsequent to his father's death and prior to the death of his mother, married his codefendant herein. Mrs. Caroline Nauert, as executrix, did not sell the two tracts she was empowered to sell, but paid the debts and legacies out of the earnings of the lands which she did not partition with her children.

Otto Nauert occupied part of the land in controversy together with his wife, paying to his mother crop rent. The interest Ot-

to Nauert took under his father's will in the property was dedicated as a homestead prior to his mother's death and remained such without abandonment at all relevant dates herein. 22 Tex.Jur. p. 240, par. 167. This interest was an undivided one-fourteenth interest.

Caroline Nauert died on the 7th day of November, 1925. She left a will and codicil which were probated on January 5, 1926. This will named Heinrich Nauert, Fritz Nauert and Ernst Mueller as independent executors, all of whom qualified as such. She left surviving her seven children, Emma Bruder, Heinrich Nauert, Ida Mueller, Fritz Nauert, Otto Nauert, Willie Nauert, and Eddie Nauert. The codicil of the will did not change the provisions of the will in any material particular, but put a new value on some of the lands with reference to partitioning same among her children. All of the lands are set forth in the will and an estimated value assigned to each tract specified in the will. The total estimated value of the lands was the sum of $30,164. The will then recites: "It being my aim not to dispose of my said above mentioned lands and desiring to keep said lands in possession of the family, but as the same is hardly susceptible of a seven part division in kind, I made the appraisement of said lands with a view of ascertaining the share of each of my said children in said lands or the value thereof and dividing said total value $30,164.00 in seven parts I find each share to be $4309.00 and to be impartial to my said children it is my intention that each should get the $4309.00 or the value thereof."

The will then gives to four children specific tracts of land, but values each tract in excess of $4,309. In each case it is provided that any child receiving a tract shall contribute to another child to whom land is not given the excess of the valuation over $4,309. In short, under the plan of the will, each of the seven children is to receive a value equal to one-seventh of the estate, four in lands and three in money, the money to be paid by the four receiving land. The provision as to Otto Nauert is typical of the provisions purporting to dispose of the land in controversy, and is here reproduced: "I give and bequeath to

my son Otto Nauert the 75 acres of land on the M. Castro league, being the S. E. part of the 156-8/10 acres mentioned in paragraph First section (a) which I appraise at $6750.00 and his share in my estate being $4309.00 I direct that he the said Otto Nauert shall pay to Heinrich Nauert the sum of $2441.00) twentyfour hundred forty one dollars and direct that this bequest is made subject to the payment of $2441.00 by my said son, Otto Nauert to my said son Heinrich Nauert."

In the fourteenth paragraph of the will appears the following: "It is my will and desire that in case after my death either one or more of my said children to whom the lands have been conditionally bequeathed shall fail or refuse to accept the land so bequeathed or if any one or more from some cause be unable to meet the conditions imposed, then and in such case only, upon such refusal, I direct that my said executors shall endeavor to transfer such bequest to some other one or more of my children, and to cause proper payments to be made to such of my children as the change may demand."

As has been stated, the codicil made some slight readjustments in harmony with the changed appraisal, but generally the scheme of distribution remained the same. The payment to be made by Otto Nauert to Heinrich Nauert was slightly increased by the codicil.

By deed dated January 9, 1926, H. A. Nauert, C. F. Nauert and Ernst Mueller, individually, and as independent executors of the estate of Caroline Nauert, deceased, and Willie Nauert, Emma Bruder, E. C. Nauert, and Ida Mueller conveyed the 75 acre tract here involved to Otto Nauert. The deed recites that same was made to carry out the will and codicil of Caroline Nauert, and to partition the estate of Caroline Nauert, and of her deceased husband, Carl Nauert, and in consideration of two notes signed by Otto Nauert, one payable to Heinrich Nauert, individually, in the sum of $2,609.43, and being given in satisfaction of the legacy to be paid to him by Otto Nauert under the will of Caroline Nauert; a second note in the sum of $1,199.90, payable to Heinrich Nauert,

Fritz Nauert and Ernst Mueller, as executors, the consideration thereof being an indebtedness by Otto Nauert in that amount to the estate. The deed retains a vendor's lien to secure the notes.

The executors and all the other children about the same time executed partition deeds to Emma Bruder, to Willie Nauert, and to Eddie Nauert, the tracts specified in the will of the mother so allotted to the grantee in each deed. Consideration was the amount to be paid in accordance with the will, and the giving of a note by the grantee to the executors for an indebtedness due by the grantee to the estate; vendor's lien was retained in each deed to secure each note. The two notes aforesaid of Otto Nauert were duly transferred to the Republic Trust & Savings Bank, together with the lien securing the same.

On the 12th day of February, 1926, Otto Nauert and Mary Nauert executed and delivered a promissory note in the sum of $3,850 in lieu of the two aforesaid notes of Otto Nauert, then held by the Republic Trust & Savings Bank. This note was payable to that institution. Such note was secured by a deed of trust on the premises in controversy executed by the defendants.

On March 22, 1926, the Republic Trust & Savings Bank conveyed the note and lien securing same to the plaintiff.

On February 1, 1934, Otto Nauert, joined by his wife, executed and delivered to the Travelers Insurance Company a note in the sum of $4,061.75. This note represented the amount then due on the $3,850 note aforesaid; likewise on that date they executed a deed of trust on the premises in controversy securing such note. The foreclosure of this deed of trust is the basis of plaintiff's title to the premises in controversy.

A determination as to whether the vendor's lien reserved in the partition deed of January 9, 1926 attached to the one-fourteenth interest in question is, in our opinion, determinative of the case.

From his marriage, which occurred subsequent to the death of his father and prior to the death of his mother, Otto Nauert occupied portions of this property as his homestead. He was so occupying same on

the date of the execution of the said partition deed; he was so occupying the specific land in controversy on the date the deed of trust was executed and delivered shortly after his mother's death; he was so occupying same on the 1st day of February, 1934, the date of the deed of trust executed for the benefit of plaintiff and directly under which plaintiff claims.

Otto Nauert never divested himself of this one-fourteenth interest by conveyance; same was not conveyed to him by his brothers and sisters, as cotenants. They never possessed same. The effect of the partition deed was to localize the undivided interest held by Otto Nauert under his father's will in the 75 acre tract in controversy here. Davis v. Agnew, 67 Tex. 206, 2 S.W. 43; Chace v. Gregg, 88 Tex. 552, 32 S.W. 520.

It is asserted that he elected to take under his mother's will, and so electing he is bound thereby. Beyond question this will provided for the partition of the lands just as though the testatrix was invested with the entire title thereto instead of an undivided one-half. The will, however, if the partition be consummated in accordance therewith, gave to him in part that which was already his. In any event, it localized his undivided fourteenth interest in the tract conditionally left to him. Without the consent of his brothers and sisters this partition could not be made. Partition was consummated by the deed from his brothers and sisters. In consummating this partition a lien was purportedly given on this one-fourteenth interest.

■ It is elementary that a homestead may be established on an undivided interest in lands. That there was such dedication for homestead purposes by Otto Nauert prior to the date of the partition deed is not controverted.

■ Likewise it is elementary that the homestead interest is subordinate to the right of the cotenant or cotenants to partition. Clements v. Lacy, 51 Tex. 150.

Exercise of this right of partition by a cotenant may involve the involuntary divestiture of title to the homestead. Clements v. Lacy, supra; Massillon Engine & Thresher Co. v. Barrow, Tex.Com.App.,

231 S.W. 368; Medearis v. Buratti, Tex. Civ.App., 275 S.W. 617.

■ Perhaps in a case where a sale seeks to effect the partition of a homestead the wife is a necessary party to the suit. In any event, unless she be a party, she is not bound by the decree. Medearis v. Buratti, supra.

■ The homestead interest is an estate in lands. Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W. 35.

There are expressions of the Supreme Court to the contrary. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620; Foster v. Johnson, 89 Tex. 640, 645, 36 S.W. 67.

Whether it be a mere right of occupancy or an estate is unimportant here. The property subject to the homestead may only be encumbered in the manner and for the purposes provided.

We have been cited to no case where it is held that in a voluntary partition of a homestead, the husband acting alone may create a lien on the pre-existing homestead. The case of Medearis v. Buratti, supra, is, we think, authority for the proposition that in such a case the husband acting alone cannot create a valid lien against the pre-existing homestead.

The case of Pyland v. Sayers, Tex.Civ. App., 148 S.W.2d 450, is in substance to the same effect, we think. In this case the Supreme Court granted a writ of error, making this endorsement on the docket: "Granted on the first assignment." The first assignment was as follows: "The court erred in holding, in response to appellant's only assignment of error in the Court of Civil Appeals, except on the issue of abandonment, that an undivided one-half interest in the property on which the vendor's lien was foreclosed was the business homestead of defendants, and that such one-half interest was not subject to plaintiff's vendor's lien." 9 Texas Supreme Court Reporter, 354, April 26, 1941.

The question of the right to create a lien in the contractual partition of a homestead is discussed in the concurring opinion in the case of Person v. Levenson, Tex. Civ.App., 143 S.W.2d 419. A conclusion was there advanced that a pre-existing

homestead could not be encumbered to obtain the estate of the cotenant. In the concurring opinion it was stated that it was thought the case of Thompson & Sons Lumber Co. v. Clifton, 132 Tex. 366, 124 S.W.2d 106, had a bearing on the question. Here that case is believed to have a bearing on that question as well as several other issues tendered by this appeal. In our opinion, it being undisputed that this homestead was dedicated prior to the execution of the partition deed, the vendor's lien retained in such deed did not create a valid lien on the one-fourteenth interest in question. Art. 16, Secs. 50, 51, Vernon's Ann.St. Constitution; Thompson & Sons Lumber Co. v. Clifton, supra.

Plaintiff in its brief has failed to consider the homestead right of Mrs. Nauert. As to her the evidence fails to show any estoppel by deed or conduct precluding her assertion of her homestead right. Her homestead was not created by the deed from her husband pending this litigation. It was a separate and distinct interest. This interest came into being by use and occupancy as a homestead. Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W. 2d 35.

In our opinion the election of the husband to claim under a will could not divest this estate. The deeds of trust to which she became a party were not binding either on her or on her husband. The husband and wife acting jointly cannot create a lien on the homestead for purposes unauthorized by the Constitution.

Long after the execution of the deed of trust under which plaintiff claims title, in pursuance of an option and subrogation clause therein contained, it paid taxes accruing subsequent to the date of the deed of trust. It is asserted that sale under the power may be upheld as to the one-fourteenth interest for this reason. The deed of trust as to this one-fourteenth interest was, we have held, utterly void. The purpose of the option was to give protection to a legitimate interest held by plaintiff in the property. As to property it held no lien upon, even though purportedly covered by the deed of trust, it had no reason or right to pay the taxes. This assignment is

overruled under the reasoning and authority of Toler v. Fertitta, Tex.Com.App., 67 S.W.2d 229.

We find no error, and it is ordered that the case be affirmed.

## On Rehearing

Originally we affirmed this case, and thereafter overruled the motion for rehearing. On April 29, 1942, the opinion of the Supreme Court in the case of Sayers v. Pyland, 139 Tex. 57, 161 S.W.2d 769, 140 A.L.R. 1164, was delivered.

Being of the opinion that what was said in the original opinion and in the opinion overruling the motion for rehearing was in conflict with that case, on our own motion, the order overruling the motion for a rehearing was set aside. We shall not withdraw the original opinion, for the reason that the facts involved determinative of the appeal are therein stated.

The case of Sayers v. Pyland, supra, was pending before the Supreme Court at the time our original opinion was handed down. In that case it was held, we think, where an undivided interest in land is dedicated by occupancy as a homestead, the homestead is held subject to the right of partition by the other cotenants. The husband and wife, the homestead being an undivided interest in land, have the power in effecting an agreed partition thereof, to subject the land awarded to them to an incumbrance to the end that the land be equitably partitioned.

It is elementary that a husband, or a husband joined by his wife, may give a valid incumbrance to adjust a purchase-money lien.

After a careful reconsideration of the matter, we can see no inherent distinction between the adjustment of a purchase-money lien and the adjustment of the equity of a cotenant as to partition. In a judicial partition, the existence of the homestead in kind may be threatened. If the land be not susceptible of partition in kind, an involuntary sale may be ordered. In case there be a partition in kind, owelty may be adjudged to achieve a fair and equitable partition.

A holding that in order to protect a homestead subject to partition that the husband or husband and wife have power to give a valid lien, tends, perhaps, to preserve and protect the right of homestead.

In any and all events, we think the case of Sayers v. Pyland is conclusive against the appellee here.

It is ordered that the judgment of the trial court be affirmed as to the thirteen-fourteenths interest in the land in controversy and reversed and here rendered in favor of appellant against appellee, Mary Nauert, joined pro forma by her husband, as to the one-fourteenth interest.