SCOGGINS et vir. v. TAYLOR et al.

No. 6206.

Court of Civil Appeals of Texas. Amarillo.

March 17, 1952.

Rehearing Denied April 21, 1952.

W. S. Birge, Amarillo, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellees.

LUMPKIN, Justice.

The appellant, Elizabeth Scoggins, joined pro forma by her husband, Robert Edward Scoggins, brought this action, Cause No. 26,579, in the 108th District Court of Potter County, Texas, against the appellees, V. L. Taylor and Paul Cook, for title and possession of nine town lots situated in the City of Amarillo. These lots originally had been owned and used as its place of business by the Shell Lumber Company, a partnership composed of Tom P. Schell and Robert Edward Scoggins. This business concern became insolvent, and on March 22, 1949, in the case of Schell v. R. E. Scoggins, No. 24,306, the partnership was dissolved by the 108th District Court. A receiver was appointed who sold the lots for $10,700 to F. C. Turner and G. H. Turner. On September 18, 1950, the court confirmed and ratified the sale and did so again by its order of October 2, 1950. R. E. Scoggins' wife, Mrs. Elizabeth Scoggins, the appellant herein, was not named as a party to that suit.

On December 7, 1950, Scoggins by motion asked that half the sales price, i. e., $5,350, be distributed to him. He alleged that he had claimed the partnership property as his business homestead for himself and his wife, Elizabeth Scoggins; that, later, on June 14, 1949, and before the dissolution of the partnership, he had filed in the United States District Court for the Northern District of Texas, Amarillo Division, his petition in bankruptcy in which he included Tom P. Schell and Shell Lumber Company; that he had been discharged and* adjudicated a bankrupt (although the bankruptcy proceedings against Tom P Schell and the Shell Lumber Company had been dismissed); and that because he was a bankrupt, an undivided one-half interest in the town lots, his business homestead, became his, free and clear of all indebtedness.

The appellant, Elizabeth Scoggins, was present at the hearing on the motion and testified in person. On February 17, 1951, the court entered its judgment which states, in part, as follows:

" * * * the court having fully considered said motion and the pleadings filed in answer thereto and the evidence introduced under said motion and said pleadings and being fully advised in the premises, and it appearing to the court that the grounds upon which defendant's [Scoggins] said motion is based are that * * * defendant's one-half interest in * * * the real estate included in said sale, was as to defendant's one-half interest therein, the business homestead of the defendant * * * and that to allow the defendant to recover and take from the partnership assets of Shell Lumber Company one-half of the proceeds derived from the sale of the real estate made by said Receiver, on the ground that defendant is entitled to assert a business homestead claim as to an undivided one-half interest in said real estate, would be in contravention of the express terms of the partnership agreement between plaintiff and defendant, and also inequitable and unjust to plaintiff and to the creditors of the partnership and unauthorized by law, under the circumstances of this case, the plaintiff not having consented to defendant's assertion or claim of the homestead right in and to said real estate; the court is of the opinion and considers that defendant's said motion should be overruled."

Robert Edward Scoggins did not perfect an appeal from this judgment. Later, F. C. Turner and G. H. Turner, who had purchased the town lots from the receiver, conveyed them to the appellees, V. L. Taylor and Paul Cook.

In the case at bar the appellant, Elizabeth Scoggins, alleged that she was not a party to Cause No. 24,306, the suit which had dissolved the partnership and sold the town lots. She insisted that she and her husband had claimed the lots as a business homestead and at times they had claimed them as their residential homestead as well as their business homestead. She insisted that because of her claim of homestead that she had a vested estate in

the property, that she was a necessary and indispensable party to any suit which attempted to dispose of the town lots, and that the portion of the judgment in Cause No. 24,306 which purports to dispose of the homestead of appellant and her spouse is void and of no force and effect, since she was not named as a party to the suit. She pleaded that the appellees did not acquire by purchase the appellant's and her husband's homestead interest in the lots, although they may have acquired the interest owned by Tom P. Schell.

The appellees made a motion for summary judgment and plea in abatement. They alleged that the issues of this suit had been adjudicated adversely to the appellant in the former trial; that in the former case the appellant, Elizabeth Scoggins, although not named as a party, was in law a party to the suit. In the alternative they alleged that if the appellant had any claim to the lots as her homestead, it was inferior to the right of partition; and that, in the alternative, they further alleged that whatever interest the appellant and her husband owned in the property, it was an undivided interest which they owned as cotenants with Schell, who never agreed that either the appellant or her husband could claim the lots as a homestead. Attached to the appellees' motion was Schell's affidavit in which he stated that the partnership, Shell Lumber Company, owned the lots; that in the dissolution of the partnership he did not agree that the appellant or her husband had any right to claim any interest in the lots as a homestead; and that the appellant was present at the former trial and testified in person.

The court granted the appellees' motion for summary judgment and plea in abatement from which the appellant has duly perfected this appeal.

The appellant, Elizabeth Scoggins, insists that since the issue of a homestead was raised as a defense in the former trial, she was a necessary party and that since she was not named as a party, the judgment in Cause No. 24,306 was void in so far as it disposed of appellant's homestead rights.

The appellant was a necessary party in the former case only if she could have urged any defense which would have grown out of her homestead rights and which would have defeated the appellees' cause of action. The rule was stated by Chief Justice Willie in the case of Jergens v. Schiele, 61 Tex. 255: "If there was any defense that could have been urged growing out of her homestead rights which would have defeated the action, then she was a necessary defendant in the cause."

██ But in our opinion there was no defense which grew out of her claim of homestead and which the appellant could have urged in the former trial. Our courts have held that the right of partition of common property is paramount to a cotenant's claim of homestead. Sayers v. Pyland, 139 Tex. 57, 161 S.W.2d 769, 140 A. L.R. 1164; Travelers Ins. Co. v. Nauert, Tex.Civ.App., 200 S.W.2d 661; Routte v. Guarino, Tex.Civ.App., 216 S.W.2d 607; 40 C.J.S., Homesteads, § 88, p. 527. In the case of Medearis v. Buratti, Tex.Civ.App., 275 S.W. 617, it was held that the homestead rights of a cotenant's spouse are not a bar to a partition suit. Although the sale of the town lots by the receiver to F. C. Turner and G. H. Turner, the appellees' predecessors in title, was not the result of a statutory partition suit, it was nevertheless a partition within the equitable powers of the district court in concluding the affairs of the Shell Lumber Company. In 32 Tex.Jur., 177, it is said:

"While the suit for partition is one of a large number of equitable remedies, comprehensive legislative enactments have established statutory proceedings which are more or less complete, one dealing with partition generally, and the other with the partition and distribution of the estate of deceased persons. The former of these is declared not to affect the partitioning of the estates of decedents nor to preclude partition 'in any manner authorized by the rules of equity.' This being the state of the law, the District Court has power, so it has been held, to proceed either under the equitable rules governing such a suit or under

the provisions of statute, or to blend the two. 'Our courts have uniformly held that the District Court has power to partition estates between cotenants independent of the strict provisions of the statutes.' The consequence is that noncompliance with the statutory requirements does not necessarily invalidate the proceeding or subject it to attack; it may be sustained as an exercise of the court's equitable powers."

But there is a second reason why the appellant's claim of homestead would not have defeated the action or changed the judgment of the court in the former trial. Our courts have held that one partner cannot claim a homestead right in partnership property without the consent of the other partner. In Williams v. Meyer, Tex.Civ.App., 64 S.W. 66, 70, the court pointed out the reason for such a rule of law:

"If one partner should, without the assent of his co-partner, be permitted to acquire a homestead right in the very property which he in part had contributed to the partnership fund, and upon the faith of which the other had continued in business with him and incurred firm debts, it would amount in many instances to a withdrawal of his entire contribution to the partnership assets; and the entire interest of his co-partner would thus be burdened with the firm liabilities, while his would be effectually covered by his exemption. In the case of Swearingen v. Bassett, 65 Tex. [267] 275, the court announced the doctrine that a home-

stead could be acquired in partnership realty, but recognized the necessity of the co-partner's assent where partnership debts existed * * *."

See also Wiggins v. Blackshear, 86 Tex. 665, 26 S.W. 939; Gordon v. McCall, 20 Tex.Civ.App. 283, 48 S.W. 1111.

There is a sound basis for the foregoing rule of law. If one of the members of a partnership were permitted to incur debts and then claim his interest in the partnership assets as his homestead, the remaining partner, if solvent, would be required to pay all of the debts of the partnership. That is what has occurred in the case at bar. In the former trial Scoggins, who had taken bankruptcy, would have ended up with one-half of the assets of the partnership while his partner, T. P. Schell, who was solvent, and not in a position to take bankruptcy, would have finally been liable for all the debts of the partnership. In the judgment in Cause No. 24,306 the court found that Schell did not consent to Scoggins' claim of homestead rights in the property.

Thus, from what we have said, the appellant in the former trial could not have asserted the claim of homestead in defense of the appellees' cause of action, and therefore she was not a necessary party to the suit. The trial court was therefore correct in granting the appellees' motion for summary judgment and plea in abatement. The appellant's points of error are overruled; the judgment of the trial court is affirmed. Because of our disposition of the appeal, it is not necessary to discuss the appellees' remaining counter point.