### ISABELLA ROWARK *vs.* D. D. GASTON.

Under the act of 1868–'69, section 1, chater 90, according to its proper construction, a Judge *or Clerk* of the Superior Court may, in cases within the jurisdiction of said Court, make an order authorizing any person complying with the provisions of the said act to sue *in forma pauperis.* A Justice of the Peace has like power, in cases within the jurisdiction of his Court.

Motion to dismiss for want of a prosecution bond heard before *Logan, J.,* at Spring Term, 1872, of CLEAVELAND Superior Court.

The facts and the point in controversy are stated in the opinion of the Court.

*Hoke, Busbee & Busbee,* for the plaintiff.
*Bynum,* for the defendant.

Boyden, J. The act of 1869, chap. 96, is in these words, " Any Judge, Justice of the Peace, or Clerk of the Superior Court, may authorise any person to sue as a pauper in their respective Courts, when he shall prove by one or more witnesses that he has a good cause of action, and shall make affidavit, that he is unable to comply with the provisions of section seventy one, of the Code." The only question in this Court is, whether after the Clerk had made an order, that the plaintiff might sue as a pauper ; his Honor was right in dismissing the suit for the want of a prosecution bond.

On the part of the defendant, it is contended that, the act does not authorize the Clerk of the Superior Court to make the order in an action returnable to the Superior Court, to be there tried before the Judge ; and that the Clerk can only make such order in cases to be determined by him as Judge of Probate. At first we were inclined to adopt that construction. But as the Constitution Article 4, sec. 4, provides but two Courts for the trial of such causes in the first instance, we think the act must be construed to mean, that the Judge and the Clerk of the Superior Court, they being both officers of that Court, and authorized to make the order in cases within the jurisdiction of that Court; and that a Justice of the Peace is authorized to make the like order, in cases within his jurisdiction. So that the act must be construed as if written ; the Judge and the Clerk of the Superior Court; and the Justice of the peace in his Court, may make such order in their respective Courts.

There was error in dismissing the suit for want of a prosecution bond.

This will be certified.

Per Curiam.                          Judgment affirmed.