The defendants moved to dismiss the action, because:
1. No complaint had been filed. The Judge allowed plaintiff until the next day to file his complaint, which was done. This was certainly within his discretion.
2. No prosecution bond had been given. The plaintiff had been allowed to sue as a pauper by the Clerk of the Court. The question as to an adult plaintiff is decided in Rowark v. Gaston, 67 N.C. 291. It can make no difference that the plaintiff is an infant, who has no property except that in suit, who sues by a guardian who is a pauper. See Anonymous, 1 Marsh, 4. (4 E. C. L.) Laws 1869, ch. 96, requires one who applies to sue in formapauperis to "prove by one or more witnesses that he has a good cause of action."
This does not expressly require that he shall have the certificate of an attorney to that effect. But we think that upon a fair (497) construction of the Act, no officer authorized to make the order, should do so (at least in general), without such certificate. The *Page 343 
act, however, is only directory, and the matter is necessarily almost entirely in the discretion of the Judge.
We may be permitted, we hope without offence, to say to the bar, that in a case like this, where the parties (or at least one of them) are poor, and the matter in controversy of inconsiderable value, and the question one which plainly rests, greatly, if not entirely in the discretion of the Judge, appeals to this Court should not be encouraged.
PER CURIAM. Affirmed.
Cited: Christian v. R. R., 136 N.C. 322.