JESSE SUMNER *v.* THOMAS J. CANDLER.

Either a Clerk or Judge of the Superior Court may, in proper cases, within the jurisdiction of said court, authorize a person to sue *in forma pauperis.*

A party to an action or special proceeding in any and all courts, and before any and all persons acting judicially may be examined as a witness on his own behalf, or in behalf of any other party thereto:

*Therefore,* where a party is authorized by a competent tribunal, to sue *in forma pauperis : it is error*, to dismiss the action upon the ground that the application so to sue is based upon the evidence of the plaintiff himself.

(*Rowark* v. *Gaston*, 67 N. C. Rep. 291, cited and approved.)

This was a MOTION in the cause, heard before his Honor Judge *Henry*, at Fall Term, 1875, of the Superior Court of BUNCOMBE county.

The plaintiff, upon petition, was allowed by the Clerk of the Superior Court to sue *in forma pauperis.* The petition was verified by the plaintiff.

The defendant moved the court to dismiss the action, upon the ground that the plaintiff had not complied with the requirements of the statute in his petition for leave to sue *in forma pauperis*, but the record does not show in what particular.

The motion was allowed by the court, and thereupon the plaintiff appealed.

*J. H. Merrimon*, for the appellant.
No counsel *contra*, in this court.

SETTLE, J.   This is an appeal from an order of the Superior Court, dismissing the action for the reason that the plaintiff had not complied with the provisions of the law, regulating suits *in forma pauperis.*

As the defendant was not represented by counsel in this court, no particulars were specified in which the plaintiff had failed to comply with the law.

If the objection be that the Clerk could not authorize the plaintiff to sue, as a pauper, in the Superior Court, it is answered by the decision of this court in *Rowark* v. *Gaston*, 67 N. C. Rep., 291, where it is held that either a Judge or *Clerk* of the Superior Court may, in proper cases, within the jurisdiction of said court, authorize a person to sue *in forma pauperis*. But if the objection be that the plaintiff cannot, by his own oath, prove that he has a good cause of action; the reply is, since "a party to an action or special proceeding in any and all courts and before any and all officers and persons acting judicially, may be examined as a witness on his own behalf, or in behalf of any other party," &c., no reason is perceived why he may not prove, by his own oath, a fact, in order to get into court, which, it is admitted, he may prove when once there ; or, in other words, why he may not prove that he has a good cause of action at different stages of the proceeding.

The judgment of the Superior Court is reversed.

Let this be certified, &c.

PER CURIAM.                              Judgment reversed.