## W. T. BEARD v. HYMAN BLUM.

### (Case No. 5337.)   ·

1. HOMESTEAD — EQUITY. — One embarrassed by debt conveyed by deed his
   homestead on a secret trust that it should be reconveyed, and continued to
   occupy it as a homestead, until after it was sold under execution against
   the vendor on a judgment rendered after the deed was made and under
   which appellee, the execution purchaser, claimed.   The judgment was ren-
   dered on a debt contracted after the execution of the deed.   When the
   deed was made, the ostensible purchaser, who was to hold the property in
   trust to reconvey it, executed to the vendor his promissory notes, which
   were to be surrendered on a reconveyance, but which were after maturity
   transferred by such vendor to the appellant.   These notes were by appellant
   afterwards surrendered to the secret trustee in consideration of a deed to

the property which he made to appellant. In a suit by appellee, claiming under the execution sale, *held:*

(1) By the assignment of the notes, the original owner of the homestead evidenced his consent that the agreement between himself and the secret trustee, and the assignee, should be carried out for the benefit of the assignee, and the original vendor was thereby estopped from denying the rights of the assignee, under the deed made to him by the secret trustee.

(2) The property being the homestead, the transaction was not one of which the creditors of the original vendor could complain, as to the secret trust, and notice of such secret trust on the part of the assignee of the notes could not affect the title conveyed to him by deed on their surrender.

(3) No title passed to the appellee who purchased at execution sale, the property remaining the homestead of the judgment debtor. Nor did that judgment against him which ordered a sale of the property operate as a bar to the assertion of the homestead rights of the vendor, by any one claiming it under him.

(4) The transfer of the notes, and the subsequent deed made to the assignee on their cancellation, vested in the assignee all the title, legal and equitable, held by the original vendor or the secret trustee.

APPEAL from Fannin. Tried below before the Hon. R. R. Gaines.

On the 25th of February, 1884, appellee H. Blum brought a suit of trespass to try title against J. C. McDonald, John T. Booth and appellant W. T. Beard to recover a house and lot. McDonald and Booth disclaimed and were dismissed from the suit. Beard filed a general demurrer, plea of not guilty, and pleaded the statutes of limitation of three and five years. September 10, 1884, judgment was rendered for plaintiff by the court, without the intervention of a jury, decreeing to plaintiff the property.

The property in controversy, on November 9, 1878, and prior thereto, was owned by J. C. McDonald. On that day McDonald conveyed the premises to J. T. Booth for two promissory notes due six and twelve months after date, each for $1,000. The court found this sale to be fraudulent and colorable only. Defendant Beard purchased these notes from McDonald after maturity and paid $1,000 for them. When the deed was made to Booth there was a house on the lot, but when Beard purchased the notes from McDonald the house had been burned. The premises with the house were worth $2,000; without the house, $1,000. On March 21, 1882, L. & H. Blum recovered a judgment against McDonald in the district court of Fannin county for $1,443.87. Execution was issued on this judgment, and under it the premises were sold to appellee for $1, June 6, 1882. The only evidence of the date of the accrual of the debt to L. & H. Blum is the date of the judgment. The court found that the date of this debt was subsequent to the sale by Mc-

Donald to Booth.   When McDonald conveyed to Booth he was financially embarrassed.

The evidence showed that McDonald was a widower, the head of a family, consisting of himself and minor children — that he occupied the premises as his homestead until after the appellee had purchased the property and this suit was brought.   One of the findings of the court was that it was his homestead, but that he had abandoned it.   The only evidence of such abandonment was his declaration to Booth, when he sold him the property, that he claimed or was going to claim his homestead on another tract of land owned by him.

Judgment was rendered for appellee, who claimed under the execution sale.

*Richard B. Semple*, for appellant, cited: Harrison *v.* Boring, 44 Tex., 256; Hodges *v.* Taylor, 57 Tex., 199; Fowler *v.* Stoneum, 11 Tex., 478; Shepherd *v.* Cassiday, 20 Tex., 24; Cox *v.* Shropshire, 25 Tex., 113; 51 Tex., 457; Allen *v.* Stephanes, 18 Tex., 672.

*V. W. Hale* and *Taylor & Galloway*, for appellee, cited: Cox *v.* Shropshire, 25 Tex., 113; Bump on Fraud. Con., 246, 325.

*Scott & Levi*, also for appellee, filed a written argument on motion for rehearing.   The motion was overruled.

STAYTON, ASSOCIATE JUSTICE.— It is admitted that the property in controversy belonged to McDonald on November 9, 1878; and it cannot be denied that it was then, and continued to be, his homestead until after the purchase of the property by Blum under the judgment rendered in the attachment suit in favor of L. & H. Blum on March 29, 1882, if the conveyance made by McDonald to Booth was upon secret trust that the latter would hold the property for the former; for the homestead right would attach, or rather continue in McDonald, if such was the character of the holding of Booth under the deed made to him by McDonald on November 9, 1878.

The evidence shows very clearly that under that deed Booth held the property in trust for McDonald, and it is upon this theory alone that there can be any pretense that McDonald had any interest, whatever, in the property at the time the writ of attachment in favor of L. & H. Blum was levied upon it.

If it was the intention of McDonald and Booth that the title to the

property conveyed by the deed of November 9, 1878, should pass to the latter, even though the parties may have had an intention thereby to defraud the creditors of McDonald by such conveyance, and though the conveyance may have been made under such circumstances that the existing creditors of McDonald might have set it aside, had the property not been in fact and in law the homestead of McDonald, yet as the property was homestead, existing creditors of McDonald would have had no such right. Cox v. Shropshire, 25 Tex., 113; Wood v. Chambers, 20 Tex., 247; Martel v. Somers, 26 Tex., 551.

So far, however, as the record shows, L. & H. Blum became creditors of McDonald long after he conveyed to Booth, and neither they, nor persons claiming under the judgment obtained by them, would have the right to attack the voluntary conveyance made to Booth.

If, however, the deed from McDonald to Booth was made under an agreement between them that the latter should hold the property for the former, after he had abandoned it as a homestead, for the purpose of protecting it from the creditors of McDonald after it ceased to be protected as homestead, then, in case of such abandonment, the property would have been subject to sale as would have been any other property in which McDonald had title, legal or equitable. Cox v. Shropshire, 25 Tex., 113. Not so, however, unless there was an abandonment. Kuevan v. Specker, 11 Bush, 3; Sears v. Hanks, 14 Ohio St., 298; Pennington v. Seal, 49 Miss., 527; Edmonson v. Meacham, 50 Miss., 40; Dreutzer v. Bell, 11 Wis., 118; Crummin v. Bennet, 68 N. C., 495; Smith v. Rumsey, 33 Mich., 191; Pike v. Miles, 23 Wis., 168; Legro v. Lord, 10 Me., 165.

The property, however, continued to be the homestead of McDonald, in fact and in law, until after the sale made under the judgment in favor of L. & H. Blum, through which appellee claims; hence no title to the property passed by the sale.

The deed made to Booth did not operate as an abandonment of the homestead by McDonald, he continuing to occupy it, and to be, as alleged by appellee, at least the equitable owner.

The evidence shows that Booth executed to McDonald promissory notes for $2,000 at the time McDonald conveyed the property to him, and that the property was to be reconveyed to McDonald when he should surrender to Booth these notes.

McDonald never did surrender the notes to Booth or demand a reconveyance; but for a valuable consideration transferred the notes to Beard, after their maturity, who subsequently surrendered the

notes to Booth as the consideration upon which Booth conveyed to him the property.

By the transfer of the notes it must be held that McDonald consented that the agreement between himself and Booth should be carried out for the benefit of Beard, or that Beard should enforce the payment of the notes.

At all events, under the facts existing, McDonald could not be heard to deny the right of Beard under the conveyance from Booth.

If, notwithstanding the agreement of Booth to reconvey to McDonald, the latter had enforced or accepted payment of the notes, a court of equity certainly would not have disturbed the title of Booth at the suit of McDonald based on the former agreement.

That the notes were overdue when transferred by McDonald to Beard would have subjected the holder of them to any legal or equitable defense Booth may have had against them, but it is unnecessary to inquire whether the fact that the notes were past maturity would have operated as notice to Beard of the true nature of the transaction between McDonald and Booth, for, under the facts, notice is of no importance whatever.

The property being the homestead of McDonald, the transaction between him and Booth was not one of which the creditors of McDonald could complain, whatsoever may have been the agreement between them as to Booth's holding and reconveyance; hence notice of that agreement to Beard could not have given, as against him, any right which the creditor did not have against McDonald or against the property while equitably owned by him.

No title to the property passed to Blum by the sale under which he claims, the property being the homestead of McDonald at the time the attachment in favor of L. & H. Blum was levied and at the time sale was made under the decree foreclosing it; nor did that decree operate as a bar to the assertion of homestead right in the property by McDonald or any person claiming under or through him. Willis v. Matthews, 46 Tex., 479. After the sale at which Blum bought, McDonald could have sold the property and passed, as against Blum, the equitable title which the appellee claims vested in McDonald after the deed was made to Booth.

The transaction between McDonald and Beard, and the subsequent conveyance by Booth to the latter, must be held to have vested in him all the title, legal and equitable, held by either McDonald or Booth at the time that conveyance was made.

These views lead to a reversal of the judgment rendered against the appellant Beard, and it will be reversed; and as the cause was

tried without a jury, judgment will be here rendered that the appellee take nothing by his suit against the appellant Beard, and that the latter recover from him the costs of this court and of the court below.

It is accordingly so ordered.

REVERSED AND RENDERED.

[Opinion delivered April 24, 1885.]