## HUGHES v. PARMER et al.
### No. 9216.

Court of Civil Appeals of Texas. Austin.
Sept. 9, 1942.

J. E. Brown, of Brady, for appellant.

J. Tom Higgins, of Lampasas, for appellees.

BLAIR, Justice.

Appellant, S. W. Hughes, sued appellees, J. L. Parmer and wife, to foreclose a judgment lien on certain property; and sued appellee, John R. Kirby, to cancel the deed of the Parmers to him, alleged

to have been a simulated conveyance and executed in fraud of the rights of appellant as a creditor after abandonment of the property as homestead. The Parmers interposed a plea of homestead and Kirby a general denial. Judgment was for appellees.

The point is made that insufficient facts were alleged to sustain the homestead plea. The existence of the family relationship, the actual use and occupancy of the property as homestead, and the dates of such use and occupancy with respect to all times the judgment lien could have attached, were alleged. Similar allegations were held sufficient to set up the claim of homestead in the cases of Federal Petroleum Co. v. Pittman, Tex. Civ.App., 65 S.W.2d 359, writ refused; Postal Savings & Loan Ass'n v. Powell, Tex.Civ.App., 47 S.W.2d 343, writ refused; Campbell v. First Nat. Bank, Tex. Civ.App., 88 S.W.2d 1084; and Crawford v. Spruill, Tex.Civ.App., 187 S.W. 361.

Appellant contends that the evidence showed that the deed of the Parmers to Kirby was not intended to pass title, that it was simulated and made to shield the property from Parmer's creditors after its abandonment as the homestead; and that the evidence established the abandonment of the property as the homestead. These were fact questions, which the trial court found against appellant upon sufficient evidence. The grantee was the father of Mrs. Parmer, who on many occasions had rendered financial assistance to his daughter and son-in-law. He paid off a part of the indebtedness against the property involved, assisted both with money and labor in rebuilding the house on the premises, and paid debts for Parmer in excess of the $2,500 recited as consideration in the deed. In making the deed Parmer told Kirby that he and his wife could not repay him, and Kirby told him to "go ahead and take it anyway." Parmer and his wife testified that the conveyance was not intended as an evasion of the rights of creditors, and that they knew that the property was not subject to the claims of any creditor, because it was their homestead. The deed was recorded and delivered to Kirby. This evidence sustains the finding that the deed was an effective conveyance of the property to Kirby.

Nor did appellant establish abandonment of the property as homestead. This was also an issue of fact, which the trial court found against appellant upon sufficient evidence. In addition to the facts hereinabove detailed it was shown that Parmer and his wife were residing on the property at the time they deeded it to Kirby, using and occupying it as their homestead. There was no transfer of possession to Kirby at the time nor subsequently; but the Parmers continued to live on the property until 1932, when they moved away temporarily, and returning in 1934 they continued to live on it until 1936, since which time Parmer has rented the property, collected and used the rents, and has continuously rendered the property for taxes in his name, and has paid taxes from time to time until the date of the trial, at which time he and his wife were living on a farm owned by Kirby. The Parmers have never acquired any other property or homestead. This evidence sustains the finding that the property had not been abandoned as the homestead even if the conveyance to Kirby be regarded as simulated. Although a conveyance of the homestead is not intended to pass title, and is simulated to shield it from creditors after abandonment, is void; still if there has been no abandonment of it and it is still occupied by the original occupant, it negatives any intention to shield it from creditors after abandonment. Beard v. Blum, 64 Tex. 59, 62; Archenhold v. B. C. Evans Co., 11 Tex.Civ.App. 138, 32 S.W. 795; Brown v. Moore, Tex.Civ.App., 64 S.W. 781. Such a conveyance is in no way injurious to the rights of creditors, because they have no right of recovery against the homestead in the first instance, and they cannot complain that a conveyance of the homestead is in fraud of their rights as creditors. Wood v. Chambers, 20 Tex. 247, 70 Am.Dec. 382; Martel v. Somers, 26 Tex. 551.

The fact that Parmer rented the premises at intervals since 1936 did not establish abandonment of the property as homestead as a matter of law. Malone v. Kornrumpf, 84 Tex. 454, 19 S.W. 607; Yates v. Home Building & Loan Co., Tex.Civ.App., 103 S.W.2d 1081. Nor did the fact that the Parmers moved from the premises in 1932, moved back in 1934, and again moved away in 1936,

**578**

establish abandonment of the homestead as a matter of law; and especially is this true since they never acquired any other property or homestead; and in absence of any proof showing that they never intended to return to and use the premises as homestead. The burden was upon appellant to establish the abandonment of the homestead. Graves v. Campbell, 74 Tex. 576, 579, 12 S.W. 238.

The judgment of the trial court is affirmed.

Affirmed.