Kathleen SNYDER, Debtor, Appellant,

v.

Stephen J. ZAYLER, Chapter 7 Trustee, Appellee.

Civ.A. No. 6:03 CV 182.

United States District Court, E.D. Texas, Tyler Division.

April 27, 2004.

Robert M. Tharp, Mesquite, TX, for Plaintiff.

Stephen J. Zayler, Lufkin, TX, for Defendant.

### MEMORANDUM AND ORDER ON APPEAL

DAVIS, District Judge.

This case is before the Court on appeal from a Judgment on Turnover Action entered by the Bankruptcy Court, Eastern Division of Texas, Tyler Division, on February 18, 2003, in an adversary proceeding in a Chapter 7 Bankruptcy, Case Number 99–61322 (6:03 CV 182 on appeal). Appellant is Kathleen Snyder, (hereinafter the "Appellant" or "Debtor"), and Appellee is Stephen J. Zayler, the Chapter 7 Trustee.

### BACKGROUND

On September 25, 1998, approximately nine months before filing her bankruptcy petition, the Debtor, Kathleen Snyder, deeded to two of her children, Lloyd E. Snyder and Connie L. Dworaczyk, three tracts of land located in Henderson County, Texas. The property contained a residence and was described as Lots 4, 5, and 6 of the Lakewood Subdivision, as legally described in the Records of Henderson County. The warranty deeds purport to convey full legal title to the grantees with no reservation of rights in the Debtor. However, the Debtor continued to live and reside on the property as she had done prior to the transfer.

When the Debtor filed her voluntary Chapter 7 bankruptcy on June 25, 1999, she listed an "equitable interest in home-stead—previously transferred to children's name" on both her Schedule A—Real Property, and her Schedule C—Property Claimed as Exempt. No objections were filed to Snyder's claimed homestead exemption within the 30 day objection period set forth in Federal Rule of Bankruptcy Procedure 4003.

On March 9, 2000, the Trustee filed a Complaint to Avoid Transfer of Real Property against the Debtor's two children, Lloyd E. Snyder and Connie L. Dworaczyk, seeking to have the transfer of the subject property declared null and void as a fraud against creditors and to have the property turned over to the Trustee for administration. Neither Lloyd E. Snyder nor Connie L. Dworaczyk responded to the Trustee's complaint.

On March 29, 2000, the Debtor filed a Motion to Convert Case to a Chapter 13 proceeding, and the Bankruptcy Court entered an order converting the case to a Chapter 13 proceeding on April 3, 2000. After this conversion, on May 30, 2000, the Bankruptcy Court entered an Order of Default against Lloyd E. Snyder and Connie L. Dworaczyk. On July 21, 2000 a Default Judgment was entered against defendants Snyder and Dworaczyk declaring that the warranty deeds purporting to transfer the three tracts of land from the Debtor to the defendants were null and void, that the three tracts of land constituted property of the Debtor's bankruptcy estate, and that the Debtor's attempt to exempt these three tracts is "null and void by virtue of the previous transfer of the property." This adversary proceeding was closed on July 27, 2000. The Debtor attempted on August 4, 2000 to respond to both the Trustee's complaint and the Motion for Default Judgment. However, the Bankruptcy Court dismissed the response as untimely.

On August 9, 2000, the Chapter 13 Trustee filed a Motion to Re–Convert Case from Chapter 13 to Chapter 7. The Bankruptcy Court granted this motion October 10, 2000. Mr. Zayler, the Chapter 7 Trustee, was assigned "any and all interest that [the Chapter 13 Trustee] has in the Default Judgment entered on July 21, 2000 by the Bankruptcy Court under the adversary proceeding regarding the subject property." After this assignment, the Chapter 7 Trustee, Appellee herein, began seeking to enforce his rights under this judgment. A Motion for Turnover was filed on September 5, 2002 and the Bankruptcy Court made its ruling in favor of the Trustee on February 18, 2003.

### STANDARD OF REVIEW

■ A district court, in reviewing the findings of a bankruptcy court, acts in an appellate capacity. *In re Matter of Webb (Webb v. Reserve Life Ins. Co.)*, 954 F.2d 1102, 1103 & n. 1 (5th Cir.1992). On appeal, a bankruptcy court's findings of fact are not to be set aside "unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." FED.R.BANK.P. 8013; *Southland Corp. v. Toronto–Dominion (In re Southland Corp.)*, 160 F.3d 1054 (5th Cir.1998). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Holloway v. HECI Exploration Company Employees' Profit Sharing Plan*, 76 B.R. 563, 573 (N.D.Tex.1987), *aff'd*, 862 F.2d 513 (5th Cir.1988). If an appellant fails to preserve error before the Bankruptcy Court, the District Court may reverse only for plain error. *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir.1999).

■ Questions of law and mixed questions of law and fact are subject to de novo review. *In re T.B. Westex Foods, Inc. (T.B. Westex Foods, Inc. v. FDIC)*, 950 F.2d 1187, 1190 (5th Cir.1992). The party who seeks reversal of findings of the bankruptcy court has burden of showing that findings were clearly erroneous and not merely that bankruptcy court could have reached another conclusion based upon testimony presented. FED. R. BANK. P. 810; *In re Windor Industries, Inc.*, 459 F.Supp. 270 (N.D.Tex.1978).

### DISCUSSION

*Jurisdiction*

■ As a threshold issue, Appellee asserts that the Court does not have jurisdiction due to Appellant's failure to timely perfect her appeal, citing Federal Rule of Bankruptcy Procedure 8002, which pro-

vides that the Notice of Appeal "shall be filed with the clerk within ten (10) days of the date of the entry of the judgment, order, or decree appealed from." Federal Rule of Bankruptcy Procedure 8006 requires the Designation of the Record and Issues on appeal be filed within ten (10) days after the filing of the Notice of Appeal.

Appellee points out that while Appellant's Notice of Appeal was timely, the Designation of the Record was two days late and that no motion to extend time was filed. For this reason, Appellee claims this Court lacks jurisdiction of the appeal. That this position lacks merit was settled by *In re CPDC, Inc.,* 221 F.3d 693 (5th Cir.2000) wherein the Court held that an untimely filing of a statement of issues and an incomplete designation of record excerpts did not warrant dismissal of the appeal. The *CPDC* Court found that only the failure to file a timely notice of appeal deprives the reviewing court of jurisdiction of an appeal in a bankruptcy case and that breaches of other procedural rules governing appeals, including the rule requiring a designation of the items to be included in the record on appeal and a statement of the issues to be presented, did not deprive the court of jurisdiction. Accordingly, the Court has jurisdiction over this appeal. *See In the Matter of Scheri,* 51 F.3d 71 (7th Cir.1995); *In re the Winner Corporation,* 632 F.2d 658 (6th Cir.1980).

*Issues on appeal*

Appellant's brief states the following issues on appeal:

1) Whether a Debtor's claim of exemption may be challenged after 30 days following the conclusion of the § 341 Meeting.

2) Whether a Debtor's claim of exemption may be challenged in a proceeding to which she is not a party.

3) Whether there was any probative evidence to support the Court's finding of the extent of Debtor's ownership rights as of the date of the Voluntary Petition.

4) Whether a party may avoid the consequences of failing to make a timely objection to exemptions by later challenging the extent of the Debtor's ownership.

5) Whether the Bankruptcy Court erred in finding that the Debtor owned only a "tenancy at will" interest in her homestead.

6) Whether the Bankruptcy Court erred in finding that the Debtor owned only a "tenancy at will" interest in her homestead when inquiry into the extent of her interest was barred by the Trustee's failure to object to exemptions in a timely fashion.

7) Whether the Bankruptcy Court erred in finding that the Debtor's interest in the homestead did not merge with the remainder of the property interest upon the Trustee's setting aside the pre-petition transfer.

8) Whether the Bankruptcy Court erred in holding that the Debtor's transfers were not "sham transactions."

For the reasons stated below, the Court finds that all of Appellant's grounds for appeal have merit excepting Issue 7 which was insufficiently briefed.

*The effect of the default judgment*

The Chapter 7 Trustee, Stephen J. Zayler, filed a Complaint to Avoid Transfer of Real Property against Lloyd E. Snyder and Connie L. Dworaczyk, alleging at paragraph 6 of the Complaint that the transfer from the Debtor was "with actual intent to hinder, delay or defraud her then existing and future creditors." The Complaint prays that the transfer be declared null and void and that the property be turned over to the Trustee for administration. Lloyd E. Snyder and Connie L.

Dworaczyk failed to respond. The Debtor was not a party to the adversary proceeding. Michael Gross, the Chapter 13 Trustee, requested a default judgment. In support of the default judgment the Trustee filed an affidavit which declared that the Debtor's transfer of the subject property was done without consideration, that no gift tax return was filed with regard to the transfer of property, and that the transfer was done "with the actual intent to hinder, delay, or defraud her then existing and future creditors."

The Default Judgment, entered July 21, 2000, while not making a finding that the transfer was a sham transaction done with the actual intent to hinder, delay, or defraud her then existing and future creditors, ordered, adjudged, and decreed that the warranty deeds conveying the subject property to be "NULL AND VOID." The Default Judgment further declared the lots to be property of the bankruptcy estate of Kathleen L. Snyder and "that any claim of exemption to same to be hereby null and void by virtue of the previous transfer of the property...."

The Trustee of the Debtor's bankruptcy estate thus took the position in the Complaint to Avoid Transfer of Real Property against Lloyd E. Snyder and Connie L. Dworaczyk that the transfer was void because it was done with the actual intent to hinder, delay, or defraud her then existing and future creditors. The only ground upon which the Default Judgment could be based was the only ground the Trustee alleged for the avoidance of the transfer, i.e., that it was a fraud against creditors.

However, the Bankruptcy Court, in its Memorandum of Decision, found that the transfer of the property from the Debtor to her children was not a sham transaction because it was not done with the intent to defraud creditors. Instead, the Court held that the transfer was done for estate planning purposes. To support this conclusion, the Bankruptcy Court relied upon an affidavit filed by the Debtor which the Court had previously stricken from the record upon motion by the Trustee. Since the affidavit was stricken from the record, the Bankruptcy Court erred in relying upon that affidavit to arrive at the conclusion that the transfer was not a sham transaction.

■ The Trustee successfully sought and received a ruling striking the very evidence which would have supported his position that the property belonged in the bankruptcy estate. The Trustee also sought and received a ruling from the Bankruptcy Court that implicitly found that the Debtor's transfer of the land was a "sham transaction." Furthermore and perhaps most important, the Trustee failed to object to the Debtor's claimed homestead exemption within the thirty (30) day time limit required by law. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992) holds that a trustee cannot contest the validity of a claimed exemption after the 30–day period has expired, even if the debtor has no colorable basis for claiming the exemption. 11 U.S.C. § 522(1) provides that unless a party in interest objects, the property claimed as exempt is exempt.

On appeal, the Trustee attempts to avoid the legal consequences of his own actions. The law is clear, as stated by *In re Matter of Moody*, 862 F.2d 1194 (5th Cir.1989), that a conveyance of a homestead that has been simulated to shield the homestead from creditors is void, and a void transfer cannot constitute an abandonment of homestead right. *Moody*, 862 F.2d at 1199. *See also Hughes v. Parmer*, 164 S.W.2d 576, 577 (Tex.Civ.App.—Austin 1942, no writ).

■ The Court agrees with the Appellant's position that (1) the September 25, 1998 transfer to her children was a sham transaction and therefore had no legal effect, (2) that she still held a fee simple interest in the lots at the time of the bankruptcy filing, and (3) the homestead exemption she can claim is to the fee simple interest. The finding of the Bankruptcy Court that the conveyance was not a sham is a finding of fact to be reversed only if it is clearly erroneous. *In re Perry,* 345 F.3d 303 (5th Cir.2003). Since the Bankruptcy Court's finding was based upon evidence which it struck from the record and could not be considered for any purpose, and since the Bankruptcy Court had previously found that the transaction was done with the intent to defraud creditors when entering the Default Judgment, the Court finds that the Bankruptcy Court's finding that the conveyance was not a sham was clearly erroneous.

■■ The Bankruptcy Court's Memorandum of Decision of Feb 18, 2003 shows that the Bankruptcy Court honored the Debtor's homestead exemption but only in what it found to be Appellant's interest in the property, a "tenancy at will." This finding ignores the legal effect of the Default Judgment which essentially found that the transfer was void as a fraud against creditors. It is true that a Debtor can only claim a homestead exemption to the extent of the title or interest that she owns in the land at the time of the filing of her bankruptcy petition. *Villarreal v. Laredo National Bank,* 677 S.W.2d at 606 n. 3. However, since her purported transfer to her children was void and of no legal effect, she had a fee simple interest and thus had a homestead exemption as to her fee simple interest. *See Moody,* 862 F.2d at 1199 (holding that Moody's transfer was without consideration and without intent to relinquish his possessory rights). The

Court finds *Moody* to control this case. There is no evidence that the Debtor abandoned her use of the property as her homestead. A void transfer cannot constitute an abandonment of homestead rights. *McGahey v. Ford,* 563 S.W.2d 857, 861 (Tex.Civ.App.—Fort Worth 1978, writ ref'd. n.r.e.). Appellant has met her burden of showing that the findings of the Bankruptcy Court were clearly erroneous.

## *CONCLUSION*

For the foregoing reasons, the Memorandum of Decision entered February 18, 2003 is in all things **REVERSED**. Judgment is rendered for the Debtor as to the validity of her homestead exemption for the subject property described as Lots 4, 5, and 6 of the Lakewood Subdivision, as legally described in the Records of Henderson County.